TIMOTHY G. VAUGHAN v. JOHN McCARTHY.[1]

December 16, 1895.

Nos. 9617—(202).

| | |
|---|---|
| 63 | 221 |
| 79 | 237 |
| 63 | 221 |
| 82 | 250 |
| 82 | 305 |
| 63 | 221 |
| 85 | 146 |

**Memorandum of Contract—Parol Evidence.**

The defendant delivered to the plaintiff a writing, which was (omitting the date and description of the land) in these words: "I hereby give to T. C. Vaughan for fifteen days from the date hereof entire control of selling, if possible, the following described real estate, or any part thereof, for the full price of one dollar per acre net to me, for which I agree to give a warranty deed within a reasonable time after sale is made, or after the payment of ten per cent. earnest money." There were no signatures to the writing, and the name of the defendant was not thereon or therein. *Held*, that parol evidence was competent to show that the contract of the parties was that the plaintiff should have what he might sell the land for in excess of one dollar per acre net, for his services in making a sale.

**Evidence—Specific Objections.**

The rule that objections to evidence offered must be so specific that the court may intelligently rule upon them, and the opposite party may, if the case admits of it, remove them, applied, and *held*, that a general objection that the evidence is incompetent and immaterial is not specific enough, where the real objection relates to the sufficiency of the pleadings.

**Examination of Witness.**

The plaintiff, on his cross-examination, in response to a question stated that he intended a writing drawn up by him to be the contract between the parties thereto. *Held*, that it was not error to permit him, on his redirect examination, to state that he intended to put in the writing a material provision in reference to which he had testified on his direct examination, but omitted to do so by oversight.

Appeal by defendant from a judgment of the district court for St. Louis county, entered in favor of plaintiff for $3,378.75 after trial before Ensign, J., and a jury. Affirmed.

*John C. Nethaway*, for appellant.

*John Jenswold, Jr.*, for respondent.

START, C. J.[2] Action by the plaintiff to recover two dollars per acre for negotiating a sale of 1,400 acres of land for the defendant, pur-

[1] Reported in 65 N. W. 249.                    [2] Buck, J., took no part.

suant to an alleged contract for an exclusive agency for 15 days, and a commission, as plaintiff claims, equal to the difference between one dollar per acre net to the defendant and the price in excess thereof for which the plaintiff might sell the land. The plaintiff claims that such contract was partly in writing and partly oral, while the defendant claims that it was in writing, and, further, that Exhibit A, attached to his answer, was the only contract between the parties. The reply admitted that Exhibit A was a correct copy of the body of that certain contract made by the defendant, except in some particulars not here material, but denied each and every other allegation of the answer. Trial by jury. Verdict and judgment for the plaintiff, and the defendant appealed from the judgment.

1. The defendant's first assignment of error is that the trial court erred in denying his motion, brought on for hearing by an order to show cause, to change the place of trial of the action from the county of St. Louis to the county of Washington, where he resided. Upon the hearing of the order to show cause, the plaintiff opposed the defendant's motion, and moved the court to retain the action for trial in St. Louis county, for the reason that the convenience of witnesses and the ends of justice so required. The affidavits in support of plaintiff's counter motion did not state the names of his witnesses or otherwise identify them, and the defendant claims, in this court, that, by reason of the alleged defect in the affidavits suggested and others, they were insufficient to justify an order retaining the place of trial in St. Louis county. But we are not called upon to decide on this appeal whether or not the granting of such motion, based on affidavits which did not state the names of the witnesses, would be an abuse of discretion, for it does not appear from the record that any such question was raised in this case in the district court. There is nothing in the paper book to indicate what order, if any, the court made in reference to the motion to change, and the counter motion to retain the place of trial. The return to this court, however, contains a copy of an entry in the special term journal of the district court in these words: "Ordered, that the order to show cause be discharged;" and the clerk certifies that such entry refers to this action. The presumption is that this order is correct, but the only ground upon which it could have properly been made is that the plaintiff's counter motion was granted. Jones v. Swank, 54 Minn.

259, 55 N. W. 1126. But the order granting plaintiff's counter motion, if any was made, is not in the return. Hence it does not appear from the record that the counter motion was opposed. On the contrary, for aught that appears in the record, it may have been granted by consent. The record, then, does not present any question for our decision under the defendant's first assignment of error.

2. The defendant's remaining assignments of error, except the sixth and seventh, may be considered under the general question: Did the trial court err in receiving parol evidence as to the plaintiff's compensation for making a sale of the land? The plaintiff, against defendant's objection and exception, was allowed to give evidence tending to show that the contract between the parties was that he should receive as his commission all that he could sell the land for in excess of one dollar per acre net to the defendant. Two general reasons were urged on the argument by the defendant why it was error to receive such evidence:

(a) That it was admitted by the reply that Exhibit "A," attached to the answer, was the whole contract between the parties; hence there was no issue as to the terms of the contract, and the evidence was not admissible under the pleadings. This was not the objection made upon the trial, which was that the evidence was incompetent and immaterial, and the specific objection made by defendant's counsel was in these words: "I would like to move to strike out all testimony of the witness as to what was said prior to the drafting of Exhibit 'A,' on the ground that the evidence shows that it was the whole contract between the parties, as shown by the witness himself." If the objection had been made at the trial that the evidence was not admissible under the pleadings, a construction of the reply would have been necessary; and, in case the defendant's position had been sustained, the plaintiff could have obviated the objection by an amendment of his reply by leave of the court. This particular objection comes within the rule that objections to evidence offered must be so definitely stated that the court may intelligently rule upon them, and the opposite party may, if the case will admit of it, remove them, for it did not raise the question whether or not the contract was admitted by the reply. Nelson v. Chicago, M. & St. P. R. Co., 35 Minn. 170, 28 N. W. 215. The specific objection that the evidence showed that Exhibit "A" was the whole contract between.

the parties was not well taken, for, under the evidence, this was a question for the jury.

(b) That, on the former appeal of this case (59 Minn. 199, 60 N. W. 1075), it was held that Exhibit "A" was a valid and complete contract, and, although it is silent as to the compensation the plaintiff was to receive, the law would imply that he was to have for his services what they were reasonably worth, and that this implication of law could not be varied by parol evidence. If the premise of this objection is correct, the conclusion is also probably correct, and the trial court erred in receiving the parol evidence. But this court did not decide on the former appeal that Exhibit "A" was a valid and complete contract, for no such question was before the court on the former appeal. So far as here material, the only question before the court on that appeal was whether or not a contract of agency for the sale of land must be in writing in order to enable the agent to maintain an action to recover for his services rendered pursuant to such contract; and it was held that the contract need not be in writing, as it was a contract for services, and not for the sale of land. Exhibit "A," omitting date and description of land, is in these words:

"I hereby give to T. C. Vaughan for fifteen days from date hereof entire control of selling if possible the following described real estate or any part thereof for the full price of one dollar per acre net to me, for which I agree to give a warranty deed within a reasonable time after sale is made, or after the payment of ten per cent. earnest money."

There are no signatures to this writing, and the name of the defendant does not appear thereon or therein, and there is no consideration to support it as a contract, for there is no obligation on the plaintiff to do anything under it. It is lacking in the fundamental essentials of a contract, and is, at most, a mere informal memorandum, which it was entirely competent for the parties to supplement by parol evidence to show what the actual contract of the parties was. Beyerstedt v. Winona Mill Co., 49 Minn. 1, 51 N. W. 619; Boynton Furnace Co. v. Clark, 42 Minn. 335, 44 N. W. 121. The trial court did not err in receiving parol evidence to show what the plaintiff was to receive for his services if he sold the land.

3. The plaintiff, on the trial, was asked on his redirect examination certain questions, to which he answered as follows: "Q. What

did you intend to embrace in this written agreement? A. I intended to put there that I should have all the selling price over one dollar an acre. Q. Why did you not put it in? A. Well, it was an oversight." To each of the questions the defendant duly objected, as incompetent and immaterial. The objection was overruled, and the exceptions to such ruling are the basis of the defendant's sixth and seventh assignments of error.

What the plaintiff intended to insert in the writing, and why he did not carry out his intention, are matters which, standing alone, would be incompetent and immaterial. But the plaintiff had, on his direct examination, testified that it was orally agreed between the parties that he should have for his services in selling the land all that he could sell it for in excess of one dollar net per acre, and that he thereupon drew up the writing Exhibit "A." On the cross-examination he was asked: "Q. You drew up what you intended to be the contract between you and McCarthy, did you? A. Yes, sir." Now, the defendant was the first to inquire as to the intention of the plaintiff; and, if this cross-examination was left unexplained, it gave plausible support to the claim of defendant's counsel, then and there made, by a motion to strike out all of the testimony of the plaintiff on his direct examination as to what was said by the parties prior to the execution of Exhibit "A," upon the ground that the witness had stated that the written contract drawn was all of the contract, and as he intended it to be. It was, then, entirely proper and strictly fair to permit the witness to answer the question asked him on the redirect examination to show that while he intended to put the whole of the contract in writing, yet, as a matter of fact, by oversight a material part was omitted.

4. Under the evidence, it was a question for the jury what the actual contract between the parties was, and the court did not err in denying the defendant's motion to dismiss the action, or in refusing his request to instruct the jury to return a verdict for the defendant.

Judgment affirmed.