MERCHANTS NATIONAL BANK OF GRAND FORKS v. GEORGE BARLOW and Others.

April 18, 1900.

Nos. 11,864—(4).

### Objections to Evidence—Pleading.

Objections to evidence offered must be so specific that the court may intelligently rule upon them, and the opposite party may, if the case admits of it, remove them by amendment or otherwise. Hence a general objection that the evidence is incompetent, irrelevant, and immaterial is not specific enough, where the real objection relates to the sufficiency of the pleadings.

[1] LOVELY, J., took no part herein.

**Failure to Reply—Waiver—Appeal.**

If a reply be necessary in a cause, but none is made, yet, if the cause is tried, without objection on that ground, as if the allegations of the answer were in issue, the want of a reply cannot be raised for the first time in the appellate court.

Action in the municipal court of East Grand Forks to recover $300 for conversion. The court, Sullivan, J., found in favor of plaintiff for $210.05, and from a judgment entered pursuant thereto defendants appealed to the district court for Polk county. From a judgment of the district court, entered pursuant to the order of Ives, J., and reversing the judgment of the municipal court, plaintiff appealed. Reversed.

*A. A. Miller* and *Tracy R. Bangs*, for appellant.

*Grover & Massee*, for respondents.

START, C. J.

This action originated in the municipal court of East Grand Forks. The complaint alleged that on December 11, 1897, John and Angeline Rea, the then owners of certain wheat, duly executed to the plaintiff a chattel mortgage thereon, with other property, to secure the payment of $3,052.92, which was duly filed December 17, 1897; that thereafter, and on December 29, 1897, the defendant Barlow, as constable, at the direction of defendant H. B. Laughlin, and by virtue of a pretended writ of attachment, seized and levied upon the wheat; that the plaintiff duly demanded the return thereof, whereupon the defendants Laughlin, Larson, and Rosaaen executed an indemnity bond, as provided by statute, to the defendant Barlow, who refused to deliver the wheat, but converted it to his own use. The answer contained a general denial, and alleged as a justification for seizing the wheat a levy thereon by virtue of an execution issued on a judgment against John Rea in favor of Laughlin upon a demand antedating the plaintiff's mortgage in an action commenced after the mortgage was filed. The further here material allegations of the answer were these:

"Defendants deny that plaintiff had any valid mortgage on the property taken by this defendant, and that any mortgage that he had was void as to creditors, and especially as to these defendants and the judgment creditor, H. B. Laughlin, on which said execution

was issued. * * * That the mortgage described in said complaint authorized the said John Rea to sell said mortgaged property without applying the proceeds of the sale thereof to the payment of said debt secured by said mortgage. That said John Rea continued to sell said grain and property up to the time of the levy under said execution, and during all that time sold said property covered by said mortgage, with the knowledge and consent of this plaintiff, and without applying the proceeds of such sales towards the payment of said mortgage debt; that said mortgage was in fraud of creditors, and void, and especially as to these defendants and the judgment creditor, H. B. Laughlin."

There was no reply. On the trial the plaintiff introduced its chattel mortgage, with other evidence, tending to establish prima facie its cause of action. This evidence was objected to by the defendants on the sole ground that it was incompetent, irrelevant, and immaterial. The objection was overruled, and the evidence received, to which ruling the defendants excepted. The defendants offered no evidence, and the municipal court rendered judgment for the plaintiff, from which the defendants appealed to the district court of the county of Polk on questions of law alone. The district court rendered judgment for the defendants reversing the judgment of the municipal court, and the plaintiff appealed from the judgment to this court.

Unless it was reversible error for the municipal court to receive the plaintiff's evidence over the defendants' objection, the judgment of the district court must be reversed, for the evidence was sufficient to sustain the judgment of the trial court. The defendants claim that by failing to reply the plaintiff admitted the new matter alleged in the answer; hence they were entitled to judgment on the pleadings. The plaintiff, on the other hand, claims that no reply was necessary, for the reason that the allegations of the answer did not constitute new matter, but were mere conclusions of law, which were not admitted by a failure to reply; and, further, that, if a reply were necessary, the cause was tried as if the allegations of the answer were in issue, and the want of a reply cannot be raised for the first time in the appellate court. The record does not show that any motion for judgment for the defendants for want of a reply was made in the trial court, or any objection made to the admission of evidence on the specific ground that the allega-

tions of the answer were admitted by a failure to reply. It is substantially admitted that the question was raised for the first time in the appellate court, unless the defendants' objections that the evidence was incompetent, irrelevant, and immaterial were sufficient to raise the question. We hold that they were not.

Objections to evidence offered must be so specific that the court may intelligently rule upon them, and the opposite party may, if the case admits of it, remove them by amendment or otherwise; hence a general objection that the evidence is incompetent, irrelevant, and immaterial is not specific enough, where the real objection relates to the sufficiency of the pleadings. Vaughan v. McCarthy, 63 Minn. 221, 65 N. W. 249; Johnson v. Okerstrom, 70 Minn. 303, 73 N. W. 147. The mortgage and other evidence in this case were competent, material, and relevant to prove the allegations of the complaint which were in issue under the general denial in the answer. No objection on the ground of failure to reply having been made in the trial court, and the case tried as if the allegations of the answer were in issue, the objection cannot be raised for the first time in the appellate court, and the defendants must be held to have waived a reply, if one was necessary.

This necessarily leads to the conclusion that the judgment of the district court must be reversed, and it is not necessary to decide the further question whether the allegations of the answer as to the fraudulent character of the mortgage were mere conclusions of law, which did not constitute new matter requiring a reply for the reason that they did not comply with the rule that, when fraud is intended to be set up in a pleading, a general charge of fraud is insufficient, but the facts constituting the fraud must be stated.

Ordered, that the judgment of the district court be reversed, and the cause remanded, with directions to the district court to enter judgment affirming that of the municipal court.