JOHN MADSON v. ERICK MADSON and Others.[1]

July 19, 1900.

Nos. 12,181—(242).

## Adverse Possession—Finding Sustained by Evidence.

In an action to determine adverse claims to land, *held*, that the question as to the plaintiff's adverse possession thereof was litigated without objection, and that the finding of the trial court thereon in favor of the plaintiff is sustained by the evidence.

[1] Reported in 83 N. W. 396.

Action in the district court for Freeborn county to determine adverse claims to land. The case was tried before Kingsley, J., who found in favor of plaintiff as to an undivided two-thirds interest and in favor of defendant Anna Mathea Madson as to an undivided one-third interest. From an order denying a motion for a new trial, all the defendants except Anna Mathea Madson appealed. Affirmed.

*John Anderson,* for appellants.

*H. H. Dunn,* for respondent.

START, C. J.[2]

This is the second appeal in this case. See 69 Minn. 37, 71 N. W. 824. It is an action to determine adverse claims to real estate. The complaint alleges generally that the plaintiff is the owner and in possession of forty-three acres of land (describing it), and that the defendants wrongfully claim some title to or interest therein. The answer alleges that Andrew Madson, at the time of his decease, April 7, 1894, was the owner in fee of the land, that the defendants are his heirs at law, and that the plaintiff never at any time had any interest in the land. The reply admits that Andrew Madson was on April 25, 1876, the owner of the land, and alleges that on that day the plaintiff purchased it of him, and in pursuance of the contract of purchase went into possession thereof, and ever since has been in the sole possession of the same; that the plaintiff paid the full purchase price of the land, and demanded a deed therefor from Andrew Madson, but when this was done is not alleged. The trial court found that from the month of June, 1876, to the year 1897, plaintiff was actually and continuously in the open, hostile, exclusive, and adverse possession of the land, and was the owner of an undivided two-thirds thereof, and the widow of Andrew Madson was the owner of the other undivided one-third. The defendants, other than the widow, appealed from an order denying their motion for a new trial.

Counsel for the defendants is right in his claim that the issue tendered by the reply was the plaintiff's claim of title by virtue of

[2] LOVELY, J., took no part.

the alleged sale of the premises to him by Andrew Madson. No findings as to this issue were made by the trial court, nor were such findings requested by either party. The only finding of fact of the trial court relates to the adverse possession of the land by the plaintiff. The record shows that this question of fact was litigated by the parties without objection, and it is now too late for the defendants to claim that such issue was not made by the pleadings. Dunnell, Pl. §§ 681-684. The defendants, however, claim that the evidence as to the possession was introduced for the purpose of showing part performance of the alleged contract, and not to show title by adverse possession. But the fact remains that the evidence as to adverse possession was not objected to, while all evidence tending to show the existence of the contract was. If there were no contract for the sale of the land, as defendants insisted, evidence of possession tending to show part performance thereof would be wholly immaterial, and the evidence, from the defendants' standpoint, could only have been offered and received without objection for the purpose of showing adverse possession.

The defendants further claim that the finding of the court as to adverse possession is not supported by the evidence, for the reason that possession of land under an executory contract for the purchase thereof is not adverse until the vendee has performed all of the conditions of the contract entitling him to a deed. This is a correct abstract proposition, but the defendants do not concede that there was any such contract in this case; on the contrary, they objected to all evidence tending to show it. Some evidence of such contract, and that the purchase price had been paid, was received subject to such objections, but the trial court seems to have disregarded it, as no findings were made on this question. The record, as a whole, shows that substantial justice has been done in this case, and that the finding of fact as to adverse possession is fairly sustained by the evidence.

Order affirmed.