HENRY W. BRADLEY v. BRADLEY ESTATE COMPANY.[1]

January 19, 1906.

Nos. 14,452—(54).

**Vacating Account of Administrator—Appeal.**

An appeal to the district court from an order of the probate court vacating and setting aside an administrator's account presents for review in the appellate court ordinarily the propriety of the order appealed from, and not the merits of the administrator's account.

[1] Reported in 106 N. W. 338.

**Trial of Merits.**

But where, on such an appeal, the parties voluntarily litigate the merits of the administrator's account, and the court hears, adjusts, and determines the same, the parties are bound by the result to the same extent as though the matters were properly before the court.

**New Trial.**

An order granting a new trial will not be sustained, as one having been based upon the ground that the verdict or findings were not sustained by the evidence, and therefore a discretionary order, within the rule of Hicks v. Stone, 13 Minn. 398 (434), unless it affirmatively appears from the record to have been so granted. Fitger v. Guthrie, 89 Minn. 330, followed.

Appeal to the supreme court by Henry W. Bradley from an order of the district court for Hennepin county, Simpson, J., vacating a judgment entered pursuant to the findings and order of Pond, J., and granting a new trial, in an appeal by Bradley from an order of the probate court for that county. Reversed.

*Cohen, Atwater & Shaw,* for appellant.

*J. A. Larimore* and *J. M. Mason,* for respondent.

BROWN, J.[2]

The facts material to the question here involved, briefly stated, are as follows: Appellant was the administrator of the estate of James A. Bradley, deceased, and as such received money and property belonging to the estate to a considerable amount. In January, 1903, he filed his account with the probate court of Hennepin county, and made application for its allowance and for a final distribution of the property to the heirs. After hearing the probate court made an order approving and allowing the account and directing the distribution of the money in his hands to the heirs entitled thereto. It seems that some arrangement was made between the heirs and the appellant as administrator, by which all objections to the account were withdrawn in consideration that the appellant would comply with certain conditions made a part of that agreement. Subsequently an application was made by the heirs to set aside the order allowing the account, based in part upon the

[2]JAGGARD, J., took no part.

failure of the administrator to carry out that agreement, and for a rehearing, upon which, in April, 1904, the probate court made an order vacating and setting aside the previous order, except in so far as it authorized a distribution of the property in the hands of appellant. From that order the administrator appealed to the district court, where, after a trial before Judge Pond, the court found that the account of said appellant was correct, except to the extent of $575, which was omitted therefrom by mistake, and with this correction ordered the same approved, thereby in effect reversing the order of the probate court. Subsequently a motion for a new trial was made before Judge Simpson, Judge Pond having in the meantime retired from office, which motion, after hearing, was granted, and the administrator appealed to this court.

The motion on which the order of Judge Simpson was granted was as follows:

> Respondent in the above-entitled matter will move said court * * * for an order amending the conclusions of law and order for judgment herein, on the ground that they are not justified by the findings of fact, and vacating and setting aside the judgment which was heretofore * * * entered herein, and vacating and setting aside the decision and order for judgment of the court heretofore * * * made and filed herein, on which said judgment was entered, and granting a new trial in said action on the following ground, to wit: That said decision and judgment, and each of them, are not justified by the evidence and are contrary to law.

It will be observed that the relief asked for by this motion was twofold: First, for an order amending the conclusions of law, on the ground that they were not justified by the findings of fact; and, second, for an order vacating the judgment and for a new trial on the ground that the findings of fact were not sustained by the evidence.

It appears from the memorandum of the trial court—which is proper to be considered (Johnson v. Johnson, 92 Minn. 167, 99 N. W. 803)—that Judge Simpson granted the new trial on the ground that Judge Pond exceeded his authority and jurisdiction in hearing and determining the

merits of the administrator's account; that the only question properly before Judge Pond, on the appeal from the order of the probate court vacating the previous order, was the propriety of that order; and that the matter of the settlement of the administrator's account was not before him for trial. It appears, therefore, that the order granting the new trial was not, as urged by counsel, based on the ground that the findings of Judge Pond were not sustained by the evidence. Such being the case, the rule laid down in Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888, applies. If, then, no errors of law occurred on the trial before Judge Pond, and the conclusions of law found by him are sustained by the findings of fact, and the evidence fairly tends to support the findings, the order granting a new trial was erroneous, and must be reversed, unless the ground on which Judge Simpson granted it is sound.

No errors of law are urged in support of the motion, and it is clear that Judge Pond's conclusions of law were amply sustained by his findings of fact. There is also evidence in the record tending to support his findings, and, though the administrator's account may, as remarked by Judge Simpson, be confused and irregular, the evidence of irregularity is not sufficient to justify this court in saying that the findings were clearly and palpably against the evidence. Owens v. Savage, 93 Minn. 468, 101 N. W. 790. The only question, therefore, for consideration, is the soundness of the reasons assigned by Judge Simpson for granting a new trial.

There can be no serious doubt of the correctness of the position that, upon an appeal from an order of the probate court of the kind here under consideration, the propriety of the order appealed from is, ordinarily, the sole question for review. But in the case at bar, when the cause reached the district court, the parties, instead of contesting that particular question, voluntarily litigated the merits of the controversy. The accounts of the administrator were fully gone into, without objection and by consent, and it is clear that the court under such circumstances was justified in hearing and making a decision completely disposing of the matter. The record is clear on this subject. The parties fully litigated the merits of the administrator's account by consent, and the court, after full investigation, found as a matter of fact that the ac-

counts were correct, with the exception of one item, and ordered judgment accordingly. Such being the case, a new trial solely on the ground that the court had no authority to determine the merits of the controversy was error.

If, as urged on the argument in this court, Judge Simpson had granted a new trial on the ground that the findings of Judge Pond were not sustained by the evidence, the order would be sustained under the familiar rule of Hicks v. Stone, 13 Minn. 398 (434); but the motion for a new trial was not based exclusively upon that ground, but upon the two grounds, as already pointed out, and it further affirmatively appears from the memorandum that the new trial was granted in fact on the ground that Judge Pond exceeded his authority in determining the merits of the controversy. The motion for a new trial did not raise that question, the authority of Judge Pond to determine the matter on the merits was not thereby challenged, and we are unable to avoid the force of appellant's contention that the new trial was improperly granted. The order of Judge Simpson was not a discretionary one within the rule of Hicks v. Stone.

The rule is thoroughly settled that when parties litigate questions not in issue, and therefore not properly before the court, they are bound by the result to the same extent as though properly in issue. Dunnell, Pl. § 681; Madson v. Madson, 80 Minn. 501, 83 N. W. 396; Engstad v. Syverson, 72 Minn. 188, 75 N. W. 125; Merchants Nat. Bank v. Barlow, 79 Minn. 234, 82 N. W. 364; Bassett v. Haren, 61 Minn. 346, 63 N. W. 713.

Order reversed.

JAGGARD, J., took no part.