MARY VAILLANCOUR v. MINNEAPOLIS & ST. LOUIS RAILROAD
COMPANY and Another.[1]

December 31, 1908.

Nos. 15,806—(112).

**Voluntary Trial of Foreign Issues.**

Rule that where, upon the trial, the parties voluntarily depart from,
and litigate issues not made by, the pleadings, the question of departure
from the pleadings cannot be raised after verdict, followed and applied.

**Evidence of Negligence—Verdict.**

Evidence *held* sufficient to sustain the verdict, and that the record pre-
sents no reversible error.

Action in the district court for Hennepin county by the administra-
trix of the estate of Thomas Vaillancour, deceased, against the Min-
neapolis & St. Louis Railroad Company and The Railway Transfer
Company of the City of Minneapolis to recover $5,000 for the death
of plaintiff's intestate. The tracks and bumping posts mentioned in the
opinion were owned and repaired by the railroad company. The
switching of cars was done by the transfer company. Decedent, a car-
penter in the employ of defendant railroad company, was sent with
others by his foreman to the trestle mentioned in the opinion to repair
the bumping posts. On the track next the Standard mill were four
cars, one car being distant four or five feet from the bumping post and
the other three were coupled together, but not coupled to the first car.

[1] Reported in 119 N. W. 53.

The cars obstructed the view so that the bridge men could not see the engine and the switching crew, and the latter could not see the former. The third paragraph in the opinion specifies the negligence charged in the complaint against each defendant. Other facts are stated in the opinion

The case was tried before Brooks, J., who directed a verdict in favor of the railroad company. In charging the jury the court used this language:

"You are not obliged, gentlemen, to believe the testimony of any witness to be absolutely in all respects true, and you should not do so if from all the testimony in the case, all the facts or circumstances proven, you believe a witness has testified untruthfully, or if for any reason his testimony is untrustworthy or unreliable; and in determining the credibility of a witness you are not required to consider simply the words which the witness has uttered here upon the stand. It is your duty and your privilege to consider the appearance and demeanor of the witness when giving his testimony, his apparent fairness and candor, or the lack of it; the reasonableness or unreasonableness of the story which he has told; the probability or improbability of any statement he has made; any interest which the witness may have in the result of the suit; any relationship of any kind or character that he may be shown to bear to any party interested in the outcome of this case."

The jury returned a verdict against the transfer company for $4,-565.57. From an order overruling its motion for judgment notwithstanding the verdict or for a new trial, upon condition that plaintiff release so much of the verdict as exceeded the sum of $4,256.94, defendant transfer company appealed. Affirmed.

*John I. Dille* and *George W. Seevers,* for appellant.

*Albert E. Clarke,* for respondent.

BROWN, J.

Action for personal injuries, in which plaintiff had a verdict, and defendant transfer company appealed from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial. A verdict was directed at the close of the evidence in favor of defendant railroad company, and the case went to the jury as to the transfer company only.

The facts, briefly stated, are as follows: The transfer company maintains and operates a transfer yard in the milling district of Minneapolis, and in the course of its employment transfers cars from place to place in the district covered by its yards to lines of railroad connected therewith. Three of its tracks connect with the main track of defendant railroad company at or near Fourth Avenue South, and extend thence easterly to the west line of Sixth avenue, at which point they are immediately between and adjacent to two or more of the mills there located. The tracks from this terminus, and for about two hundred feet westerly, are constructed upon a trestle, which is about fifteen feet in height at Sixth avenue, where the tracks end. The tracks occupy the entire space between the mills located on either side, leaving but little space between cars standing thereon or between the mills and the cars on the adjoining track. To prevent cars from being pushed off the trestle at Sixth avenue, a "bumper post" is erected at the end of each track. The trestle and bumper posts are maintained and kept in repair by the railroad company, in respect to which and the operation of cars upon the tracks its rules are used exclusively. These rules provide for the protection of employees engaged at work in repairs upon the trestle or about cars standing thereon by requiring the placing of a blue flag at the end of a car opposite from which work is being performed, or that an employee be stationed there for purposes of warning, and that when a blue flag is thus displayed the car on which it appears is not to be moved by switchmen without first informing the employees so engaged. This rule was for the guidance of the transfer company, which had exclusive charge of the movement of the cars, as well as the employees of the railroad company. On the day of the accident complained of plaintiff's intestate, a carpenter, and other employees of the railroad company, were sent by that company to repair the framework of the bumper posts at the end of one of these tracks. While employed in this work, deceased, by reason of the alleged negligence of employees of the transfer company in moving a car standing near the bumper post being repaired, in an attempt to couple it to another car, was caught between the same and the bumper, and killed.

This action was brought against both companies, and the complaint alleges that the railway company was negligent in the failure to place either a blue flag or a watchman at the car, in conformity with the re-

quirements of its rules, and that the transfer company was negligent in moving the car while deceased was at work, with knowledge of his presence and with knowledge, also, of the failure of the railroad company to provide for his protection by a flag or watchman. Under these allegations the issues were clearly defined. The liability of the railroad company depended upon proof of the alleged neglect to place a flag or watchman at the car, and the liability of the transfer company depended upon proof that it knew the deceased was at work at the bumper, and also knew that the railroad company had failed in its duty to provide the necessary protection.

But the issues were shifted at the trial, and practically the sole question litigated was whether a blue flag had been placed at the proper position at the end of the car. Though the complaint alleged that no flag at all had been placed there, evidence that the rule of the railroad company had been complied with, and that in fact a blue flag was at or upon the car when the switchmen of the transfer company moved it, was received without objection and submitted to the jury in the instructions of the court as the turning point of the case, to which no exception was taken. Plaintiff's evidence, if sufficient to establish the fact that a blue flag was placed at the car, completely eliminated the charge of negligence against the railroad company. The transfer company accepted the issue thus tendered at the trial, and proceeded on the theory that the presence or absence of the flag was the controlling issue upon the question of its negligence. In this situation the transfer company is in no position to urge the inconsistency between plaintiff's complaint and her evidence. Dunnell, Pr. § 1899; Keyes v. Minneapolis & St. L. Ry. Co., 36 Minn. 290, 30 N. W. 88; Green v. St. Paul, M. & M. Ry. Co., 55 Minn. 192, 56 N. W. 752; Shea v. Chicago, R. I. & P. Ry. Co., 66 Minn. 102, 68 N. W. 608; Madson v. Madson, 80 Minn. 501, 83 N. W. 396. We have, therefore, only two questions: (1) Whether the evidence sustains the verdict; and (2) whether the court erred in its instructions to the jury. Neither requires extended discussion. We discover no evidence of contributory negligence.

1. Plaintiff called two witnesses, who gave testimony tending to show that a blue flag was at the car when the switching crew moved it, causing it to go forward, to the injury of plaintiff's intestate. These were members of the switching crew, and each testified that immedi-

ately after the accident they discovered on the track between the rails a blue flag at about the point from which the car was moved, with the stick to which it was attached broken. While they did not testify that the flag was upon the car, at its usual or proper place, they discovered it upon the track, as stated, immediately after the accident, from which the jury might reasonably infer that it was in proper position as a warning that workmen were engaged at work somewhere about the car. There was no evidence tending otherwise to explain the presence of the flag at this point. On the other hand, defendant produced witnesses, two of them fellow workmen with deceased, who testified that no flag was placed upon the car so far as they knew, and that they did not see a flag among their tools and implements, and did not think one was taken with them on going to this work. The switchmen who attempted to couple onto this car said that no flag was there at the time. This presented a conflict for the consideration of the jury, and a careful reading of the evidence leads to the conclusion that their verdict in favor of plaintiff's contention should not be disturbed. Plaintiff's evidence was clearly not wholly conjecture, but, on the contrary led to the reasonable inference that a flag was upon the car, and was placed there by deceased without the knowledge of his fellow workers.

2. The charge of the learned trial court was fair and complete, and we discover no reversible error therein. The court said to the jury that they were "not obliged to believe the testimony of any witness to be absolutely in all respects true," and they should not do so if from all the testimony in the case, all the facts and circumstances proven, they believed he had testified untruthfully. The defendant excepted, on the motion for a new trial, to that part of the instructions above quoted, and assigns it as error in this court. The statement quoted was not erroneous, when taken in connection with the sentence of which it formed a part. The other portions of the charge excepted to were mere statements of what the evidence tended to show in respect to the presence of the flag, and were not misleading or prejudicial.

Order affirmed.