[1] Reported in 292 N.W. 249.
This is an appeal from a district court judgment dismissing an appeal from an order of the probate court denying a petition to vacate a previous order of that court allowing an administrator's final account. *Page 610 
The order sought to be vacated was made and filed in the probate court of Todd county on March 8, 1938. After expiration of the time allowed to appeal therefrom but within one year from the date of filing, Leo and Albert Henry, sons of decedent, petitioned the probate court to vacate the order. The petition does not appear in the record and is not an exhibit so we do not know what it contains except as indicated in the order of the probate court denying it and in the order of the district court granting respondent's motion to dismiss the appeal. In any event, the appeal to district court was heard on a written "statement of law and facts" submitted by petitioners and on the answer of the administrator thereto. We are therefore concerned only with whether, on the state of the record, the district court was justified in granting respondent's motion to dismiss the appeal.
We do not deem it necessary to refer to all of the allegations contained in the propositions of law and facts. Some of them have to do with procedural matters and some challenge the correctness of the final account. The important allegations, as we view the case, are contained in paragraphs 9 and 10 of the statement, which read:
"9. That on March 8, 1938, Leo Henry and Albert (Bert) Henry were present in Court at the time set for the hearing on said Final Account. Neither the Administrator or his Attorney were then and there present. These petitioners made verbal objections to said Final Account, to-wit: That said Account was not for the entire period of administration; that the Probate Court of Todd County did not have jurisdiction to act on same in that there was a Last Will and Testament filed in said matter, the terms of which had not been complied with; that the items of expenditure listed in said Account were not true and accurate; that the said Leo Henry and Albert (Bert) Henry also advised the Clerk of said Court that they would reduce said objections to writing. They were then informed by said Clerk that the hearing on said Account would be continued until the following day. On the *Page 611 
following day, March 9, 19381, said petitioners appeared in said Court and filed written objections, as above stated, but no further hearing was then had. Later they discovered that the Order allowing said Final Account had been made on March 8, 1938, and that no consideration whatever had been given to their objections to the said so-called Final Account. The said Administrator was not present in Court and made no proof of his accounting, and said objectors were given no opportunity to examine him as to said Account.
"10. That on March 8, 1939, Honorable John Gillan was the duly elected and qualified Judge of this Court and at such time and for a considerable period theretofore, said Judge was, due to illness, prevented from conducting the duties of his office and that in many matters and for many months, Honorable Elmer Larson, Probate Judge of Wadena County, Minnesota, had acted for him, but at the hearing on said Final Account on March 8, 1938, the said Honorable John Gillan, being then confined to his bed at his home and the said Honorable Elmer Larson being not present in Court, one Ella Hankland, being the Clerk of said Court, conducted said hearing; and failed to give consideration to said objections, or to the fact that the provisions of said Last Will and Testament had not been complied with, or that said Final Account failed to cover all receipts and disbursements during said administration, and failed to cover the entire period of said administration, prepared an Order allowing said Final Account and a Decree of Final Distribution, and an Order discharging said administrator, and his bond, all dated March 8, 1938, all of which she thereafter presented to and had signed by the Honorable John Gillan."
The administrator in his answer alleged in substance that he administered the estate of said decedent in the manner required by law, under the direction of, in obedience to, and in pursuance of the orders of the probate court; that he has duly accounted for all money and other property coming into his hands as such administrator; and that on March 8, 1938, an order was made *Page 612 
by the court allowing the final account of his administration, from which no appeal was taken. He denied knowledge as to whether appellants' failure to appeal from the order allowing the account was caused by inadvertence, mistake, accident, surprise, or otherwise, but did not deny that the proceedings in probate court were conducted in the manner alleged by petitioners. The district court in its order granting respondent's motion to dismiss the appeal found that the alleged fraud, inadvertence, and mistake claimed did not relate to the procurement of the order and that "the petition was filed after the jurisdiction of the probate court in the matter was exhausted and at a time when the probate court had no power to vacate, modify, or amend its order." It ordered that the appeal be dismissed and that judgment be entered accordingly. No finding was made with reference to the allegations in the statement pertaining to the failure of the probate court to hold a hearing on the final account.
The probate court code requires the representative of an estate to file a final account and such intermediate accounts as may be required by the probate judge. 3 Mason Minn. St. 1910 Supp. § 8992-114. It provides for a hearing on the account at a time and place to be fixed by the court and that notice of the hearing be given to interested parties. § 8992-115. If the account is found to be correct the probate court is required to settle and allow it. The purpose of the hearing is to give to interested parties an opportunity to appear and participate in the proceedings and, if they wish, an opportunity to examine the representative regarding the account. According to the undenied allegations of the statement of law and facts there was no hearing, and petitioners were denied the opportunity of examining the representative.
The probate court has power "to correct, modify, or amend its records to conform to the facts, and to correct its final decrees so as to include therein property omitted from the same or from administration." 3 Mason Minn. St. 1940 Supp. § 8992-2(4). An appeal to the district court may be taken from an order of the probate court "vacating a previous appealable order, judgment, *Page 613 
or decree; an order refusing to vacate a previous appealable order, judgment, or decree alleged to have been procured by fraud or misrepresentation, or through surprise or excusable inadvertence or neglect." § 8992-164(11).
It has often been held by this court that the probate court has power to vacate its orders procured through fraud, mistake, and excusable inadvertence or neglect if application therefor is seasonably made. In re Estate of Gragg, 32 Minn. 142,19 N.W. 651; Larson v. How, 71 Minn. 250, 73 N.W. 966; Savela v. Erickson, 138 Minn. 93, 163 N.W. 1029; In re Estate of Eklund,174 Minn. 28, 218 N.W. 235; In re Estate of Koffel, 175 Minn. 524,222 N.W. 68; In re Estate of Holum, 179 Minn. 315,229 N.W. 133; In re Estate of Walker, 183 Minn. 325, 236 N.W. 485; In re Estate of Simon, 187 Minn. 399, 246 N.W. 31; In re Estate of Jordan, 199 Minn. 53, 271 N.W. 104. See also In re Estate of Woodworth, filed May 24, 1940, 207 Minn. 563,292 N.W. 192. In that case this court held that an order adjudging and allowing a final account may not be vacated after the expiration of the time for appealing therefrom except under the provisions of 2 Mason Minn. St. 1927, §§ 9283 or 9405. Furthermore, the probate court there exercised its discretion in denying the petition, as also did the district court.
In the instant case the trial court did not exercise its discretion but on the facts pleaded reached the conclusion that the probate court was without power to act because the time to appeal from the order had expired. It disregarded the admitted allegations of the statement with reference to the failure of the probate court to conduct a hearing on the account and the act of the clerk of that court in representing to petitioners that the hearing was to be continued until the following day. The appeal involved the propriety of the order as well as the merits. While the merits of the order could not be challenged except by appeal, its propriety could be raised, as it was, by application to vacate. Bradley v. Bradley Estate Co. 97 Minn. 130,106 N.W. 338. On the merits the court could have found, and on the pleadings as presented would have been required to find, that there never was a hearing *Page 614 
on the final account in probate court and that it was allowed, over petitioners' objection, without a hearing. It is apparent that the order sought to be vacated was procured through inadvertence and mistake on the part of the probate court in making the order allowing the account. The final account shows that the disbursements in the estate offset the receipts and that there was no property for distribution. The trial court in its order so found. That being so, there was nothing to decree and no occasion for a final decree. On the record it was error to grant the motion to dismiss.
Reversed.