[1] Reported in 297 N.W. 111.
Appeal from an order of the district court vacating an order of the probate court and dismissing an appeal therefrom.
Under separate petitions, application for admission to probate of two wills was made. Each claimed his instrument to be the last will and testament of Milton F. Showell. Petitioner for the alleged will of June 29, 1935, was Annie M. Roberts, representing the Minneapolis Branch of the Volunteers of America, the principal beneficiary, who filed objections to the April 21, 1936, will, of which Irene J. Saucier, the sole beneficiary, was petitioner and contestant of the Volunteers will. February 25, 1938, the probate court, after hearing all evidence on both petitions and objections together, made and filed an order which admitted to probate the Saucier will but which did not specifically deny admission of the Volunteers will. In a petition to the probate court on October 7, 1938, the Volunteers alleged that notice of this order was first actually received September 12, 1938, when, upon inquiry of the probate court, its existence was discovered. The petition sought the vacation of that order, a rehearing, and an order either granting or denying the admission of the Volunteers will.
Upon the ground that its failure to give notice to the Volunteers of this order excused their failure to appeal or seek rehearing, the probate court vacated the original order. An amended order was made which specifically admitted the Saucier will and specifically denied the Volunteers will and a rehearing. From this order both the Volunteers and Saucier appealed to the district court. There, before any hearing on the merits, a motion by Saucier to vacate the probate court's vacating order and dismiss the Volunteers appeal was granted. It is this order of the district court which we are called on to review.
The only question presented for decision is whether the district court erred in setting aside the amended order of the probate court upon the ground that the probate court acted without jurisdiction. *Page 541 
After its consideration of all evidence on both wills, the probate court admitted one to probate. 3 Mason Minn. St. 1940 Supp. § 8992-57. The necessary effect of admitting one will to probate was the exclusion of the other for the very evident reason that there can be only one last will and testament. An order admitting a will to probate is appealable. 3 Mason Minn. St. 1940 Supp. § 8992-164(1). As aggrieved parties, such an appeal might have been taken by the Volunteers. Application to the probate court for an order specifically denying admission of their will was not necessary. Consequently, any suggestion that the probate court's first order was deficient or incomplete permitting no appeal by the Volunteers is without persuasive effect.
That right of appeal, however, could and did expire for want of timely prosecution. Where no notice of the filing of an order admitting a will to probate has been served by the prevailing party, an appeal "may be taken by any person aggrieved * * * within six months after the filing of such order * * *." 3 Mason Minn. St. 1940 Supp. § 8992-166; In re Estate of Herrman, 159 Minn. 274, 198 N.W. 1001; In re Estate of Jefferson, 167 Minn. 447, 209 N.W. 267. For the Volunteers, this six-months period expired in August before they had received actual notice of the order. Doubtless, they were entitled to notice from the probate court of the filing of its order admitting the Saucier will. 3 Mason Minn. St. 1940 Supp. § 8992-6. But lack of such notice "does not limit or otherwise affect the time for appeal" (In re Estate of Nelson, 180 Minn. 570,571, 231 N.W. 218, 219) which expires six months from the date of filing independently of notice. Timm v. Brauch,133 Minn. 20, 157 N.W. 709.
After the time for appeal from an order has expired, only a restricted power is possessed by the probate court to vacate or amend previous orders. In re Estate of Simon, 187 Minn. 399,246 N.W. 31. This court has held that the probate court has the same power as a district court to vacate an order, judgment, or decree procured through surprise or excusable inadvertence or neglect and is subject to the restrictions of 2 Mason Minn. St. 1927, *Page 542 
§ 9283. In re Estate of Butler, 183 Minn. 591, 596,237 N.W. 592; Tomlinson v. Phelps, 93 Minn. 350, 101 N.W. 496. Consequently, in the case at bar the probate court had jurisdiction to entertain a motion to vacate the order admitting the Saucier will to probate at the time the Volunteers made their application. Obviously, the application to vacate was an attempt to come within the terms of § 9283, and the probate court had jurisdiction to determine whether or not the motion to vacate came within its authority to vacate the order on the ground of excusable neglect or mistake. It had a right to make that determination and to determine the merits of that motion even if it decided the matter erroneously.
The difficulty presented on this appeal is due entirely to a failure on the part of the district court to distinguish between jurisdiction and error. It annulled the probate court's order vacating its previous order on the ground of lack of jurisdiction on the part of the probate court. This was erroneous. The probate court had jurisdiction whether the showing in support of the motion to vacate was sufficient or insufficient to justify vacation of the previous order. On the appeal to the district court that court had before it de novo
the motion to vacate, and had it there considered that motion on the merits and reversed the probate court there could have been no question as to the propriety of the result, and this court would have been compelled to affirm. In re Estate of Turner, 181 Minn. 528, 233 N.W. 305; cf. Bradley v. Bradley Estate Co. 97 Minn. 130, 106 N.W. 338. But, as the case now stands, the district court by the very terms of its order has not exercised its judgment on the merits of the motion to vacate. Cf. In re Estate of Daniel, 208 Minn. 420,294 N.W. 465. Of course if the district court reverses the probate court on the motion to vacate, the probate court's order made after such vacation falls and the appeal therefrom falls with it. In our opinion, the first order allowing the Saucier will amounted to a disallowance of the Volunteers will. *Page 543 
The order vacating the probate court's order vacating its previous order is reversed and the case remanded with directions to consider the motion to vacate on the merits of the motion.
So ordered.