IN RE ESTATE OF ELIZA O. GOOCH.
INA L. PETERS v. EDITH N. WALLING AND ANOTHER.[1]

April 10, 1942.

No. 33,155.

[1]Reported in 3 N. W. (2d) 494.

*Daniel F. Foley,* for appellant.
*Lloyd P. Johnson,* for respondent.

JULIUS J. OLSON, JUSTICE.

The appeal is from a judgment of the district court affirming an amended decree of distribution made by the probate court of Hennepin county in the estate of Eliza O. Gooch, deceased.

Decedent died testate October 18, 1937, leaving as her surviving heirs at law her husband and four daughters, all of lawful age. By her will, dated October 10, 1917, the family homestead, the title to which stood in her name, was bequeathed to her daughter Edith, whom she deemed to be "the special object of my bounty," but expressing the "wish that my husband * * * who has helped me to buy the said lot 10, where we now live, may have a home there with my said daughter * * * so long as he may live." Testatrix, not wishing "to overlook my other children," since "they are all dear to me," requested Edith "to pay out of the property I have given to her," five dollars to each of her three sisters. The husband duly consented to the will in a writing bearing the same date as the will.

The will was duly presented and admitted to probate, and another daughter, Elsie, named therein as executrix, was so appointed December 20, 1937. She promptly proceeded to administer the estate. All expenses and debts chargeable against the estate were paid, the cash legacies discharged, and her final account approved. On February 20, 1939, a final decree was issued whereby decedent's title to the homestead, the only real property she left, was vested in the husband for life with remainder in equal shares to the four daughters, thus obviously disposing of the property as if decedent had died intestate. No notice was given to anyone of the making or filing of the decree.

Thus matters rested until sometime in October 1939, when for the first time it was discovered that the decree of distribution did

not conform with the terms of the will. On December 18, 1939, a verified petition, executed by the husband and Edith, was filed with the probate court, asking, for adequate reasons therein stated, to so amend the decree as to conform with the terms of the will. Due notice of hearing on the petition was issued and given to all interested parties. The husband, however, died December 28, 1939, prior to the date set for the hearing, so Edith was left to go forward with the proceeding alone. The result of the hearing was the amended decree which is here under attack.

By the amended decree, the husband was given a life estate with remainder over to Edith, who was also awarded the furniture and the household goods in the home, all in accordance with the terms of the will.

Upon appeal to the district court by the daughter Ina L. Peters, there was a trial anew and findings made in substance as follows: That there was in fact no renunciation of the husband's consent to the will, but that, on the contrary, the finding in the original decree to that effect was due to inadvertent error and neglect of a scrivener in the office of the judge of probate, and that "said Decree of Distribution was not the judicial decision of the Judge of Probate Court" but resulted only "through mistake, inadvertence and excusable neglect of the parties concerned."

While appellant challenges the findings as being without adequate support, we find no difficulty in upholding the trial court. So we pass directly to the determinative question, which is whether, the time for appeal having expired, the probate court had power to hear and determine the facts upon which the proposed amendment depended. That the original decree was erroneous is not and cannot be denied, and no rights of third parties are involved.

1. By statute (Mason St. 1940 Supp. § 8992-2[4]), the probate court, "in addition to its general powers," is vested with power "to correct, modify, or amend its records to conform to the facts." And we have held in many cases that the authority thus granted "is as great as the power possessed and exercised by the district court in like or similar matters"; and that, "like the district court,"

it is "authorized by our constitution and the common law to correct at any time clerical errors, to clarify ambiguities, and make its judgments read as they were intended." In re Estate of Jordan, 199 Minn. 53, 58, 271 N. W. 104, 106; In re Estate of Henry, 207 Minn. 609, 612, 292 N. W. 249; In re Estate of Daniel, 208 Minn. 420, 432, 294 N. W. 465; In re Estate of Showell, 209 Minn. 539, 541, 542, 297 N. W. 111; 5 Dunnell, Dig. & Supp. § 7784, where our cases are cited under note 2.

2. As to the facts here presented, the power thus granted (208 Minn. 432, 294 N. W. 471) "is to be exercised in conformity to and regulated by 2 Mason Minn. St. 1927, § 9283, under which the court has the power at any time within one year after notice thereof, in its discretion, to relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect or to modify or set aside for good cause shown its judgments, orders, or proceedings and supply any omission in any proceeding or record, or to conform any proceeding to the statute under which it was taken."

3. Appellant mistakenly relies upon Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786, and other similar cases, as being "on all fours in point of law" with her contentions. That class of cases deals with fact situations wholly at variance with those before us here. In the Robinson case the holding was that an action in equity "will not lie to amend a decree of distribution made by a probate court, where there is no fraud and *no mistake* other than an erroneous construction of the terms of a will." (Italics supplied.) There, unlike the present case, the probate court refused to amend the decree, and the district court affirmed. All that was decided by this court was that "the decree in question is not so clearly inconsistent with the provisions of the will as to demonstrate that such provisions were overlooked" by the probate court when the decree was entered. And, since we found that the findings of the trial court were "sustained by the evidence," affirmance naturally followed.

Here, as we have seen, the original decree was signed by the judge in the belief that the property was being decreed "in accordance with the language of the will so that the same would go to the said Edith N. Walling in fee." That the original decree was the result of a clerical mistake by one not acting in a judicial capacity is abundantly established. That was the determinative fact found by both courts below upon adequate proof. We find no reason for disturbing that result.

Judgment affirmed.