In the matter of the Probate of the Will of JOHN S. BROWN.

November 29, 1884.

**Appeal from Order Admitting Will to Probate.**—The affidavit in this case for an appeal to the district court from an order of a probate court, admitting a will to probate, *held* to sufficiently show that the appellant "had not notice or opportunity to be heard" as to the subject of the order.

**Same—Service of Notice.**—Notice of such appeal by a contestant of a will may properly be served upon the *attorney* of the proponent.

An instrument was admitted to probate as the last will of John S. Brown, in the probate court of Le Sueur county, without contest, on June 4, 1883. On July 2, 1883, Emily Brown, a daughter of the decedent, (who had not appeared in the probate court) served upon the attorney who had appeared for the executor and proponent in the probate court a notice of appeal to the district court of that county, accompanied by the affidavit recited in the opinion. A motion to dismiss the appeal was denied by *Macdonald*, J., and the cause tried and judgment entered for the contestant, from which the executor appealed.

*M. R. Everett, Francis Cadwell* and *Lewis & Leslie*, for appellant.

*Anson L. Keyes*, for respondent.

BERRY, J. Gen. St. 1878, c. 49, § 14, provides that an appeal from a judgment or order of a probate court "can only be taken by a party aggrieved who appeared and moved for or opposed the order or judgment appealed from, or who, being entitled to be heard thereon, had not due notice or opportunity to be heard; the latter fact to be shown by affidavit, and filed and served with the notice" of appeal.

The appeal in the present instance was taken from an order of the

probate court admitting to probate the will of contestant's father. It is not questioned that she was entitled to be heard upon the matter of probate, that she did not appear at the hearing, and that she is aggrieved (in the statutory sense) by the order appealed from. The affidavit made by her for the purpose of complying with the statute above cited, states, among other things, that "she had no knowledge, information, or notice" that a certain instrument in writing, admitted to probate by said court as the last will of John Seneca Brown, on June 4, 1883, was to be offered to probate until June 9, 1883, nor "had she any knowledge, information, or notice whatever," prior to said 9th day of June, 1883, that any instrument had been, or would be on June 4, 1883, or at any time, offered for probate as the last will of said Brown, and that "she had no notice or opportunity whatever to be heard" as to such probate.

This affidavit, in form, satisfies the statute. The appeal was taken upon questions of law and fact, and, the case being called in the district court, the proponent, appearing specially, moved to dismiss the appeal, upon the grounds—*First*, that the affidavit did not show any right in the contestant to take the appeal; and, *second*, that the notice of appeal was not served on the proper persons and in the proper manner. It is essential to mark that the first branch of the motion is confined to the *contents* of the affidavit. The motion is not based upon any claim that the statements of the affidavits are not true, but upon a claim that they are not sufficient. There is no attempt to controvert them, and no opportunity given the contestant to maintain them. The affidavit being *in form* a compliance with the statute,—that is to say, containing the statement, *i. e.*, the *showing*, required by the statute,—the objection to it was properly overruled. (For a like use of the word "showing," see Gen. St. 1878, c. 66, § 133.) It is, therefore, not important to consider here, as was done in *Re Hause, ante*, p. 155, what would be the effect of an admission in the affidavit that constructive notice of the proceedings for probate had been given by the statutory publication.

As to the second ground of the motion to dismiss, viz., that the notice of appeal was not served upon the proper persons nor in the proper manner, it appears that the service was made upon the pro-

ponent's attorney, who appeared for and represented the proponent in the probate court. This was a proper service. The proponent was the party adverse to the contestant, for he was the sole champion of the will assailed by her, and procured its probate. As respects. the contest, he stands alone in court *for* the will, and she alone *against* it. He is, therefore, beyond all question, in fact and in common sense, the adverse party upon whom she may properly serve her notice of appeal. Gen. St. 1878, *c.* 47, § 11; *Hunter* v. *Bosworth,* 43 Wis. 583; *Wheeler* v. *Hartshorn,* 40 Wis. 83; *Appeal of John Mullins,* Id. 154. And as the relation of attorney and client in the probate courts is recognized by statute, and may well exist independent of statute, such attorney is, according to all the analogies of practice, a person by service upon whom service upon his client of a notice of appeal may properly be made; so that service upon such attorney is service upon the proper person in the proper manner. Gen. St. 1878, *c.* 88, §§ 1–4, 31; *c.* 49, § 7; *c.* 66, §§ 73, 74, 77; *Welton* v. *Garibardi,.* 6 Cal. 245.

This disposes of the case, and the order appealed from is accordingly affirmed.