CECILIA SCHULTZ *vs.* C. D. BROWN, Executor.

October 21, 1891.

**Estates of Decedents—Allowance of Claim—Appeal by Devisee—Notice.**—Where, upon the refusal of the executor or administrator to do so, a creditor, devisee, or heir appeals from the allowance of a claim against the estate, the notice of appeal should be to the effect that such creditor, devisee, or heir appeals.

**Same—Proof of Refusal of Executor to Appeal.**—The statute does not require proof of the fact of the refusal of the executor to be made or filed as a prerequisite to such right of appeal. The proof may be made at any time when the fact is called in question.

Plaintiff's claim of $805.98 against the estate of defendant's testatrix, Jeanette Chevre, having been allowed by the probate court of Meeker county, on August 26, 1890, there was filed in the district court for that county on November 24th a return from the probate court as in cases of appeal, and on November 25th there was filed a paper entitled in the matter of the estate of the testatrix, in the probate court, and addressed to defendant as executor, and purporting to be a request to him to appeal from the allowance of the claim, and signed " John T. Byrnes, Attorney for Frank J. Chevre and Louis Chevre; " and appended to the paper was an admission of service and a statement of refusal to appeal, signed " C. D. Brown, Executor of said Estate." The notice of appeal, set forth in the return of the probate court, after the proper title, stated that notice is given that "Frank J. Chevre and Louis Chevre, heirs, devisees, and lega-

tees of Jeanette Chevre, deceased, hereby appeal" from the order of allowance, and was signed by John T. Byrnes, as their attorney, and was addressed to the claimant and her attorney. The return did not show the name of the executor or administrator of the estate, nor that the executor or administrator had declined to appeal. The appeal being on the general term calendar for November, 1890, the claimant, on the first day of the term, November 25th, on the call of the calendar, moved, upon the record above described, that the appeal be dismissed because the notice was not in the name of the executor or administrator, and it did not appear that the executor or administrator had declined to appeal. No other evidence was produced, except proof that the claimant had noticed the appeal for trial. The court denied the motion, and the claimant excepted. Thereupon, by direction of the court, pleadings were made up, and the cause was tried at the same term before *Powers*, J., and verdict rendered against the claimant, who appeals from the judgment.

*D. A. Secombe* and *E. P. Peterson*, for appellant.

*John T. Byrnes*, for respondent.

MITCHELL, J. "When an executor or administrator declines to appeal from the allowance of a claim against the estate, * * * any person interested in the estate, as creditor, devisee, legatee, or heir, may appeal from such decision in the same manner as the executor or administrator might have done; and the same proceedings shall be had in the name of the executor or administrator." Prob. Code, (Laws 1889, c. 46,) § 253. In such cases, the notice of appeal should be signed by the creditor, devisee, legatee, or heir appealing, and state that he appeals. To affix the name of the executor or administrator as appellant, and state that he appeals, would be to state what was untrue in fact. While the last clause of the statute quoted is awkwardly expressed, yet what it undoubtedly means is that the proceedings *on such appeals* shall be conducted in the same manner as if the executor or administrator had appealed, and in his name. The statute is entirely silent as to what proof, if any, shall be made of the fact of the refusal of the executor or administrator. There is nothing requiring such proof to be made as a prerequisite to the right of the creditor, devisee, etc., to appeal. It is the *exist-*

*ence* of the *fact* that gives the right, and the proof of it may be made at any time when the fact is questioned or controverted; for example, when a motion to dismiss the appeal is made. In this case the heirs filed in the district court a notice by them addressed to Brown as executor of the estate, requesting him to appeal from the allowance of this claim, accompanied by an admission of due service of the notice, and a statement that he refused to appeal, purporting to be signed by him as executor. The motion to dismiss was upon the ground "that it did not appear that the executor or administrator had declined to appeal." Unless implied in this general language, it does not appear that any claim, or even suggestion, was made that Brown was not in fact executor, or that his purported signature was not genuine. Under the circumstances, we think the proof was such as to justify the court in denying the motion.

Judgment affirmed.

NOTE. An appeal by Martin Schultz from a judgment of the district court for Meeker county, *Powers*, J., presiding, disallowing his claim of $639.50 against the estate of Jeanette Chevre, deceased, involved the same questions and was argued at the same time and by the same counsel as the foregoing case, and was decided in accordance with the foregoing opinion.