[Sac. No. 1290. In Bank.—June 6, 1904.]

In the Matter of the Estate of J. D. McDOUGALD, Deceased. CARRIE B. McDOUGALD, individually, and as administratrix, Appellant, v. LOUISE E. BOGGS, Executrix of Will of John Boggs, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF ACCOUNT—APPEAL—PARTIES—SERVICE OF NOTICE.—Only such persons interested in the estate of a decedent who appear in the superior court and make some objection or exception to the account of an executor or administrator, or in some way make themselves parties of record to the proceeding for the settlement of the account, are necessary parties to an appeal from an order made therein, and other persons interested in the estate as creditors, legatees, or heirs, who have not made themselves parties upon the record, need not be served with the notice of appeal from such order.

ID.—EFFECT OF NON-APPEARANCE OF INTERESTED PERSONS.—Interested persons who did not appear are deemed to have consented to the settlement of the account without their intervention, and to be willing that the proceedings should be conducted in their absence until the order appealed from becomes final upon appeal, and, having allowed other interested persons to conduct the proceedings for their benefit, must be considered as having consented that they should be represented by such persons upon the appeal.

ID.—EFFECT OF ORDER FOR PAYMENT OF DIVIDENDS TO CREDITORS.—An order connected in time with the settlement of the account for the payment of a dividend to the creditors whose claims have been allowed is not a part of the order settling the account, but is a part of the administration of the estate as a whole, and does not

make non-appearing creditors interested in such dividend parties to the proceeding for the settlement of the account.

ID.—ADJUSTMENT OF CLAIMS—NOTICE OF ORDER FOR PAYMENT.—With the exception of interest-bearing claims provided for in section 1513 of the Code of Civil Procedure, there can be no valid order for the payment of a claim until after the order for the settlement of an account in which the validity, rank, and amount of the claims and the balance on hand have been adjudicated. Notice need only be given of the settlement of the account, and not of the order for payment, which may be made on the same day or any subsequent day.

ID.—EFFECT OF APPEAL FROM ORDER SETTLING ACCOUNT—SUSPENSION OF ORDER FOR DIVIDEND.—An order for the payment of claims is so interwoven with the order settling the account and determining the rank of claims that the appeal from the order settling the account suspends the effect of an order for payment of claims made at the time of settling the account, and it would be proper to withhold the order for a dividend until the contested account is determined upon appeal.

ID.—RIGHT OF APPEAL.—The question whether a creditor who did not appear has a right of appeal from the order settling the account or from an order for the payment of claims is not affected by the refusal of this court to dismiss an appeal from an order settling the account between contesting parties because such creditor was not served with the notice of appeal.

MOTION to dismiss appeal from an order of the Superior Court of San Joaquin County settling and surcharging the second annual account of the administratrix of the decendent and directing certain payments of allowed claims.

The facts are stated in the opinion of the court.

Louttit & Louttit, and Buck & Middlecoff, for Respondent's motion and petition for rehearing.

Budd & Thompson, for Appellant.

SHAW, J.—The appellant, Carrie B. McDougald, as administratrix of the estate of J. D. McDougald, deceased, filed an account in the superior court. The usual notice of the hearing was given, and upon the hearing the respondent, Louise E. Boggs, as executrix of the estate of John Boggs, deceased, a judgment creditor of the estate of McDougald, appeared and filed written objections to the account. Upon the contest thus raised the court surcharged the account with the

sum of about five thousand five hundred dollars, and settled the account accordingly. In connection with the account the administratrix reported that claims had been allowed in favor of some sixteen creditors, including that of the respondent Boggs and a claim in favor of the administratrix. Upon the order thus settling the account the court further ordered that a dividend be declared upon the claims reported, and that the administratrix should pay the same out of the balance so adjudged to be on hand. Carrie B. McDougald has taken separate appeals from these orders—one in her capacity as administratrix of the estate, and the other as a creditor. None of the creditors other than Louise E. Boggs filed any objections to the account, but two of them appeared at the trial of her contest and seem to have taken part therein, though the record does not show whether they favored or opposed the objections made by her. The notices of appeal were served on the creditor who filed the objections and also on the two creditors who appeared at the hearing, but they were not served on any of the other creditors nor on any of the heirs of the deceased. The respondent moves to dismiss the appeals for the failure to serve the notices on the persons who did not appear on the hearing.

The contention is, that these creditors who did not appear nor make any objections to the account as rendered are directly interested in the result of the appeal, that the dividend accruing to them on their claims under the terms of the order will be diminished if the appeal is successful, and hence that they are adverse parties who must be served with notice of appeal in order to give this court jurisdiction. It is also urged that under section 1649 of the Code of Civil Procedure an order for the payment of a dividend has the effect of a several judgment in favor of each creditor against the administratrix, and that this makes each creditor a party of record to the proceedings.

If these contentions prevail, it is obvious that difficulties will arise in many cases. If a non-appearing creditor is an adverse party, so also would be a non-appearing heir or legatee, and if one must be served with notice of appeal, so must the other. In all solvent estates the heir or legatee is more vitally interested in the balance on hand than is a creditor. If all the parties thus interested in the fund are to

be deemed adverse parties within the meaning of that term as used in section 940 of the Code of Civil Procedure, requiring service of notice of appeal on the adverse party, then in every appeal from a probate proceeding all such interested parties must be served with notice in order to give this court jurisdiction. Creditors and heirs are not required to appear by attorney in the administration of an estate, and indeed they may never appear at all, either in person or by attorney. They may be out of the jurisdiction, or their names and residences may be unknown. The statute provides no method of constructive service of notice of appeal upon non-residents who have not appeared, or unknown parties. The time for taking the appeal from orders of this character is limited to sixty days. In such cases the right of appeal secured by the statute would often prove unavailing, and it would be effectual only in those cases where the deceased left no heirs, legatees, or creditors residing out of the state, and none residing in the state whose names and residences were unknown. The construction contended for would defeat the purpose of the statute giving the right of appeal.

The word "party" should not be given so broad a meaning. That a person interested in an estate, although his name and his interest is disclosed on the face of the record, is not necessarily a party to the cause or proceeding is manifest from a consideration of the different cases where persons interested may or may not appear, at their option. In a proceeding to probate a will, any person interested, whether as devisee, legatee, or heir, may appear and contest the probate. The petition for probate must show the names of the heirs and devisees, and hence their interest must always appear in the record. Yet, it would not be contended that an heir, devisee, or legatee who fails to appear at the time of the hearing of the petition is in any sense a party to such proceeding. So with the petition for administration, there may be many persons who are entitled to letters and who are interested in the matter of the appointment. But if they fail to appear or contest the right of the petitioner, it is manifest that they cannot be considered parties. Upon the settlement of an account, every creditor, heir, legatee, or devisee is a person interested. and as such has a right to enter an appearance and become a party. The names of these persons generally appear upon

the face of the account, or upon some of the documents referred to therein, but the giving of the notice and the statement of their rights or claims does not, *ipso facto,* make them parties to the proceeding. The only effect of such a notice, so far as this question is concerned, is to give them an opportunity to become parties, so that, if they desire, they may appear and make themselves parties in some appropriate manner. Unless they do so appear they are to be considered as having no objections to the account as rendered, and as consenting that it may be settled accordingly. If thereupon other interested persons do appear, and by virtue of a contest secure a decision which inures to the benefit of those persons who do not appear, this does not make the non-appearing persons parties to the contest, notwithstanding their failure to appear, so that it becomes necessary to serve upon them notice of an appeal from the order made upon the contest. They are deemed to have consented to a settlement of the account without their intervention, and to be willing that the proceedings should be conducted in their absence until the order becomes final after appeal. Having allowed the other interested persons to conduct the proceedings for their benefit, they must be considered as having consented that they should be represented by these other persons in any appeal that may be taken from the order thus procured.

The order for the payment of a dividend required by section 1647 of the Code of Civil Procedure is not, strictly speaking, a part of the proceeding for the settlement of the account or of the adjudication respecting the claims reported therein. It follows thereon, but it is not a part thereof. It may, of course, be made immediately after the account is settled, but this does not make it a part of the proceeding. On the other hand, it cannot be made until after the account is settled, and it may be deferred to a considerable time thereafter and made without notice. It is a part of the proceeding for the administration of the estate, considered as a whole, but it is not specifically a part of the proceeding for the settlement of the account. The persons in whose favor such order for dividend is made do not thereby become parties to the proceeding for the settlement of the account, in cases where they did not appear or make any objection or contest upon such settlement.

The decisions of this court are in harmony with these conclusions. *In re Ryer*, 110 Cal. 558, was a case of an appeal from an order denying a motion for a new trial of a petition for partial distribution. Upon the hearing, some of the persons interested appeared and presented objections to the petition. Other persons equally interested did not appear or object. The petition was denied; a motion for new trial was also denied, and from the order denying the same an appeal was taken. A motion was made to dismiss the appeal upon the ground that certain interested persons who did not appear at the hearing were not served with the notice of appeal. The court in denying the motion said: "The fact that the judgment or order may be used as evidence in some collateral action or proceeding, or that its reversal may have a remote or consequential effect to the prejudice of one who is not a party thereto, does not entitle such person to be made a party to the appeal. . . . The only parties to the record are those who appeared and resisted the application. . . . The only issues of fact to be tried in the court below were those presented by the parties who had filed their answers to the application, and, as upon the original trial of those issues, only the parties thereto could claim the right to be heard, so only the parties to those issues are necessary parties to the hearing of an appeal from the order of the court refusing to re-examine the issues." This case was followed and approved in *In re Calkins*, 112 Cal. 297. The case of *In re Bullard*, 114 Cal. 462, is in principle precisely the same as the case at bar. The administrator filed an account in which, as provided in section 1628 of the Code of Civil Procedure, a claim in favor of the Hibernia Savings and Loan Society was reported as an allowed claim against the estate. One of the heirs appeared at the hearing and contested the validity of this claim, as he was authorized to do under section 1636 of the Code of Civil Procedure. His objections were overruled, the claim allowed, and the account settled. The Hibernia Savings and Loan Society did not appear at the hearing or otherwise participate in the contest. The heir appealed from the order, but did not serve notice of appeal upon the Hibernia Savings and Loan Society, and for this failure a motion was made to dismiss the appeal. Necessarily the interest of the society appeared from the account as rendered, and the decision of the appeal would directly

adjudicate the validity of its claim. Nevertheless, the court denied the motion, saying: "It does not appear from the bill of exceptions in the present case that the Hibernia Savings and Loan Society was in any respect a party to the proceeding in the superior court, from which the present appeal is taken, and unless it was a party thereto it was not necessary to serve notice of appeal upon it." The following authorities are from other states, and are to the same effect: *Smith* v. *Craft,* 22 Ky. Law Rep. 643, 58 S. W. 500; *Succession of Tyson,* 21 La. Ann. 117; *Patten* v. *Powell,* 16 La. Ann. 128.

In the light of these authorities, and for the reasons above given, we are of the opinion that upon the settlement of the account of an executor or administrator, only those persons interested in the estate who appear in the superior court and make some objection or exception to the account, or in some way make themselves parties of record to that proceeding, are necessary parties to an appeal from any order made therein, and that other persons equally interested and equally affected by the order, but who do not see fit to make any contest or objection to the account, or to any matters stated therein, need not be served with notice of appeal. Having failed to make themselves parties to the proceeding, they must, for the preservation of any advantage to themselves accruing from the order appealed from, depend upon the efforts of those who made the contest for their benefit.

The motion to dismiss the appeal is denied.

Angellotti, J., Lorigan, J., Henshaw, J., Van Dyke, J., and Beatty, C. J., concurred.

The following decision was rendered upon the order of the court denying the petition of the respondent for a rehearing of the motion to dismiss the appeal, on July 6, 1904:—

THE COURT.—The respondent, in a petition for rehearing, claims that the opinion in this case is in conflict with the decisions in *Estate of Smith,* 117 Cal. 505; *Estate of Spanier,* 120 Cal. 698; and *Estate of Smith,* 122 Cal. 462. We think it proper to explain that there is no conflict. The cases cited do not hold that notice must be given of an application for an order for the payment of a dividend, nor that there must

be such an application.  The making of such an order is a
part of the duty of the court when the appropriate stage
of administration is reached.  The court there held that, with
the exception of interest-bearing claims provided for in section
1513 of the Code of Civil Procedure, there could be no valid
order for the payment of a claim until after an order for
the settlement of an account, in which the validity, rank,
and amount of the claims, and the balance on hand, has been
adjudicated.  The notice referred to in those decisions is the
notice of the time and place of settling the account, and not
a notice of the time of making the order for a dividend.  The
latter notice is not held necessary.  Nor do the decisions
declare that the order for a dividend must be made at the
same time as the order settling the account.  In substance,
they decide that the first mentioned order must follow the
latter.  Doubtless, the order for a dividend is in practice
usually included in the same entry in the minutes with the
order settling the account, and immediately following, and
this is proper when the order is made on the same day.  But
there may be reasons for delay in ordering the dividend, and
the court has as much power to make it on a subsequent day
as it has on the day the account is settled.  It is indeed evi-
dent that the order for a dividend is in many respects de-
pendent on the order settling the account, so that if an appeal
is taken from the latter it must perforce suspend the effect
of the former, and prevent its enforcement against the will
of the administrator, until the latter becomes final.  Hence
there would be no impropriety in deferring the making of
the order for a dividend until the time for appeal from the
order settling a contested account had expired, or; if an ap-
peal is taken, until such appeal is determined.

It is proper to add that the decision of this case does not
affect the question whether or not a creditor who does not
appear at the hearing of an account has the right of appeal
from the order, or from an order for the payment of claims.
The rules governing the question who must be served with
notice of appeal are not identical with those which control
the question who may have the right of appeal.