SOFFI S. RONG v. AXEL HALLER and Another.[1]

January 8, 1909.

Nos. 15,924—(144).

**Notice of Appeal.**

Service upon an executor of notice of appeal from a decision of the probate court *held*, under the circumstances disclosed by the record, to have been sufficient under section 3874, R. L. 1905. In re Brown, 32 Minn. 443, followed and applied.

In the matter of the estate of Severt K. Rong, deceased, the probate court for Goodhue county entered a final decree of distribution assigning the residue of the estate to a certain charitable corporation as sole devisee and legatee of the decedent, subject to the execution of a certain express trust contained in testator's will. From this order, Soffi Rong appealed to the district court for Goodhue county. On the motion of Axel Haller, executor of the estate, and after hearing before Williston, J., who found that no notice of appeal was ever

---

[1] Reported in 119 N. W. 405.

served on, directed to or filed in the probate court for, either said corporation or said trustee, and the only notice of appeal was served on the executor and his attorneys, the appeal was dismissed. From the order of dismissal, Soffi Rong appealed. Reversed.

*J. A. Rockne, John A. Dalzell,* and *W. A. McDowell,* for appellant.

The executor represents the legatees. 18 Cyc. 206, citing Williams v. Wiggand, 53 Ill. 233; Coulter v. Cresswell, 7 La. An. 367; Renwick v. Renwick, 1 Brad. (N. Y.) 234; Menifee v. Ball, 7 Ark. 520; Kelley v. Helmkamp, 40 Ill. App. 35; Searcy v. Rearden, 3 Bibb (Ky.) 528. It is his duty to make distribution in the manner pointed out in the will. 18 Cyc. 594, citing Johnson v. Johnson, 108 N. C. 619; Ratliff v. Warner, 32 Oh. St. 334; Beck's Appeal, 116 Pa. St. 547; Bowers v. Smith, 10 Paige (N. Y.) 193.

The appearing party in court who is tacitly allowed to champion all interest adverse to the heirs, in good faith and good conscience should be the adverse party on appeal and the only adverse party entitled to service of notice of appeal. Wheeler v. Hartshorn, 40 Wis. 83; Hunter v. Bosworth, 43 Wis. 583; In re McDougald, 143 Cal. 476; Ford v. First National, 201 Ill. 120.

*Johnson, Mohn & Mohn,* for respondent.

Every party whose interest in the subject-matter of an appeal is adverse to and will be affected by the reversal or modification of the judgment, order or decree from which the appeal has been taken is an "adverse party" and entitled to notice of appeal, irrespective of the attitude in which such party appears of record to be interested in the subject-matter of the appeal. The test is, would the Synod be affected by a modification or reversal of the decree or judgment appealed from.

In re Kells, 74 Minn. 8; Moody v. Miller, 24 Ore. 179; Senter v. De Bernal, 38 Cal. 637, 640; Lancaster v. Maxwell, 103 Cal. 67, 951; Millikin v. Houghton, 75 Cal. 539; Coffin v. Edgintgon, 2 Idaho, 627; Jones v. Quantrell, 2 Idaho, 153; Harper v. Hildreth, 99 Cal. 265; O'Kane v. Daly, 63 Cal. 317. The executor is not an "adverse party" herein. Schmidt v. Stark, 61 Minn. 91; State v. Probate Court, 84 Minn. 289; In re Coes' Will, 66 N. Y. Supp. 784; Bryant v.

Thompson, 128 N. Y. 426; In re Hodgman, 23 N. Y. Supp. 725, affirmed 140 N. Y. 421.

JAGGARD, J.

The will of the ancestor of the appellant was duly admitted to probate. In due course the petition for allowance of final account of the executor of the will and for the assignment of the residue of said estate to persons entitled thereto by law came on for hearing. The court made an order allowing final account. In that proceeding the executor appeared by his attorney. The heirs of the deceased also appeared by attorneys. At the request of the attorneys for the heirs, the hearing and consideration of application for the construction of the will and for the assignment of the residue of the estate was adjourned. On the day of actual hearing the executors by their attorneys and the heirs by their attorneys appeared, and the hearing on the petition of the executor for the construction of the will of deceased and the assignment of the residue of said estate was proceeded with. "After a due consideration of the evidence adduced, taken, heard, and submitted at said hearing, together with the records and files" of the court, the court found that the deceased bequeathed the substance of his estate to a named trustee for a named synod, for the purpose of erecting and maintaining an orphans' home, and that the devise had been duly accepted. Thereupon the court ordered that the property be assigned to and vested in said devisee. The attorneys for the heirs gave notice of appeal to the proper district court. Due and personal service of that notice was admitted by the attorneys of the executor of the estate of the deceased. Service was made on no other persons. The district court dismissed the appeal, because service had been made only upon the attorneys of the executor.

This appeal was taken from the order of the district court dismissing the appeal from the order and decree of the probate court. So far as here involved, section 3873, R. L. 1905, provides that an appeal can be taken from a decree assigning the residue of an estate only by a party aggrieved; section 3874, R. L. 1905, that in an appeal from the probate court "the appellant shall serve a written notice on the adverse party, his agent or attorney who appeared in court, and, when there has been no appearance, by delivering a copy of

such notice to the probate judge for such party." The defense contends that the executor was not an adverse party, but was a mere stakeholder, who had no interest in the estate, and was not sponsor of any heir, legatee, or devisee. The synod, on the other hand, it is argued, was the real party in interest, directly affected by the modification or reversal of the decree or judgment of the probate court. The notice served on the executor was ineffectual, and the appeal was properly dismissed, because no service was attempted to be made, or made in fact, upon the synod.

In this connection we are cited to many authorities which sustain respondent's position. They are, however, irrelevant. The executor may be a mere stakeholder, or he may become the "sole champion of the will." In such case, the notice served upon the executor is sufficient to perfect the appeal. In re Brown, 32 Minn. 443, 21 N. W. 474, and cases cited at page 445 of 32 Minn. and page 475 of 21 N. W. And see Estate of McDougald, 143 Cal. 476, 77 Pac. 443; Ford v. First National, 201 Ill. 120, 66 N. E. 316.

In this case the record discloses that the attorney for the executor appeared and took part in the litigation concerning the construction of the will and the assignment of the residue of the estate. At that hearing evidence was taken. No other attorney appeared for the residuary devisee. On argument in this court it was conceded that the validity of the will was argued by counsel then appearing and then submitted for decision. This, and a number of side lights cast upon the controversy by the record, leads us to conclude that the notice was sufficient. That conclusion accords with the general tendency to disregard technicalities and to treat appeals without disfavor. There is an especial propriety in this rule as applied to appeals from the probate court, because the judges of such courts are not required to be members of the bar. No substantial prejudice results to the residuary devisee. It has been denied no right to be heard in this court. The observation of proper practice would secure that right to it.

Reversed.