# IN RE ESTATE OF RUFUS C. JEFFERSON.[1]

June 4, 1926.

No. 25,362.

**When appeal from allowance of will is perfected.**

1. An appeal from the order of the probate court allowing a will is *held* perfected where the contestants served the notice of appeal within the time limited upon those proponents who gave the contestants written notice of the order, and within six months upon a legatee who in the minutes of the probate court was noted as one of the proponents present at the hearing, but who took no active part and who was not noted as a party appearing in the order appealed from, a copy of which order was attached to the notice served by the active proponents and purported to give the names of the parties and their attorneys appearing as proponents and contestants.

**What action necessary to limit time of such appeal.**

2. If the successful parties at such a contest desire to limit the time of appeal, it is incumbent on them to see that those having the right of appeal be notified by and in behalf of all their opponents.

Appeal and Error, 3 C. J. p. 1222 n. 22.
Wills, 40 Cyc. p. 1224 n. 60; p. 1351 n. 1; p. 1354 n. 33; p. 1356 n. 49.

In the probate court for Ramsey county Lawrence C. Jefferson and Rufus W. Jefferson objected to allowance of the will of Rufus C. Jefferson and appealed to the district court from the order of Wheeler, J., admitting the will to probate. In the district court the parties named at the end of the second paragraph of the opinion appeared specially, objected to the jurisdiction of the court, McNally, J., and the court dismissed the appeal. Contestants appealed from the order of dismissal. Reversed.

*Morphy, Bradford, Cummins, Jackson, Cummins & Lipschultz* and *Owen Morris*, for appellants.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly, John E. Stryker* and *G. Winthrop Lewis*, for respondents.

[1]Reported in 209 N. W. 267.

HOLT, J.

The appeal is from an order dismissing an appeal from a decision of the probate court admitting an instrument to probate as the last will and testament of Rufus C. Jefferson, deceased.

The record shows that Rufus C. Jefferson died in St. Paul, Minnesota, on February 11, 1925, a resident therein, and on the same day two of the three executors named in the will filed a petition in the probate court of Ramsey county for its probate. There were many heirs and legatees, among the latter the American Sunday School Union, a foreign corporation. It was not named in the petition for probate as an interested party. Prior to the hearing two of the heirs and legatees appeared as contestants, filing objections to the admission of the will, the chief of which were, lack of testamentary capacity of testator and undue influence exerted upon him by the executors and trustees named in the will. Mr. G. Winthrop Lewis appeared at the hearing in behalf of the American Sunday School Union, but does not seem to have taken any active part therein, nor does the order admitting the will to probate, filed May 21, 1925, in reciting the names of the different attorneys appearing and the parties for whom they appeared, mention the name of Mr. Lewis or his client. Notice of the decision was served the next day upon the attorneys who appeared for the two contestants, and on the same day notice of appeal was duly served upon the attorneys for the proponents and the attorney for Genevieve J. Cochrane, and an order of the probate court allowing the appeal was made, but not until October 24, 1925, was the notice of appeal served upon Mr. Lewis, attorney for the American Sunday School Union, nor was a notice of appeal left with the judge of probate for the Sunday School Union. In the district court Mr. Lewis and the attorneys for the proponents appeared specially and objected to the jurisdiction of that court on the ground that no appeal had been perfected from the probate court. The objection was sustained and an order made dismissing the appeal and remanding the cause to the probate court.

G. S. 1923, section 8985, so far as here pertinent, reads:.

"No appeal shall be effectual for any purpose unless the following requisites are complied with by the appellant within thirty days after notice of the order, judgment, or decree appealed from:

"1. The appellant shall serve a written notice upon the adverse party, his agent or attorney who appeared in court, and, when there has been no appearance, by delivering a copy of such notice to the probate judge for such party. * * * But no appeal from an order, judgment, or decree shall be taken after six months from the entry thereof."

Because notice of appeal was not served upon the attorney for the American Sunday School Union within 30 days after written notice of the order was given appellants, the appeal was dismissed, although there was timely service of such notice of appeal upon the attorneys who gave appellants notice of the filing of the order. As already noted, the order allowing the will in its recital of appearances does not mention either the American Sunday School Union or its attorney. A copy of the order was attached to the notice to appellants of its having been made. From a supplemental return of the probate court these entries appear to have been made upon the records of the court, in the hearing of this will contest, on May 20, 1925, viz: "The following appeared on behalf of the proponents of said purported will: Judge Fred N. Dickson for Mr. A. C. Jefferson, Miss Dora Jefferson, and Mr. George Spencer, the executors and trustees named in said purported will. John E. Stryker, Esq. for Genevieve Jefferson Cochrane as guardian of her minor children, and also for Genevieve Jefferson Cochrane individually. G. Winthrop Lewis, Esq., for American Sunday School Union, legatee. And the following appeared on behalf of the objectors and contestants of said purported will: John M. Bradford, Esq. for Lawrence C. Jefferson. Owen Morris, Esq., for Rufus W. Jefferson."

Probating a will is a proceeding in rem. Many parties may be interested, such as the heirs, legatees and devisees. Some of these may not have any pecuniary interest at stake in the outcome, because under another will or under the inheritance statute their portions would be exactly the same. However, those interested in

the probate of a will, regardless of numbers, usually divide into two classes: The proponents who desire the instrument established and the contestants who wish it rejected. The one class is the adverse party as to the other. But it is readily appreciated that, where an appeal is given from the probate court, all in the one class may not desire to appeal from an adverse decision of that court, nevertheless anyone pecunarily interested who deems himself aggrieved may make use of the right by taking the steps prescribed by statute. In the case of a decision establishing an instrument as a last will and testament, it is clear that the entire subject matter must be removed to the district court, since it must be a trial de novo, and the decision there will either establish or reject the instrument propounded as the whole and only last will and testament of the deceased. Especially must that be so where the instrument is attacked on the grounds of failure to comply with the statutory requirements as to execution, and lack of testamentary capacity on the part of the testator.

Two views may be taken of the statute and its application to the facts. The first one in line with the procedure adopted in Scott's Estate, 124 Cal. 671, 57 Pac. 654, where there was no service upon one legatee or its attorney and the court dismissed the appeal saying: "As no service of the notice of appeal was made upon this legatee, it cannot be bound by any order or judgment made upon the appeal, and this court is therefore without jurisdiction to hear the appeal, even as between the other parties." It is to be noted that in California the appeal does not result, as in this state, in a trial de novo in the appellate court; also there, after a will is allowed, any heir or legatee who did not participate in the probate thereof, may within a year have the probate vacated and the issue retried. A technical construction of our statute may be made to the effect that service by any one of the parties to a will contest upon the losing side of notice of the decision limits the time as to all for taking the appeal to 30 days from such notice. The trial court so interpreted the statute.

But another view is permissible and, under the facts here presented, accords better with the policy that notices of appeal should

be construed liberally so as not to defeat the right of appeal. First Unit. Soc. v. Houliston, 96 Minn. 342, 105 N. W. 66.

The active proponents of the will were served with due notice of appeal the day after the order appealed from was rendered. They cannot for themselves claim that the appeal was not perfected, nor ought they to be allowed to so urge in behalf of the American Sunday School Union, for the notice they gave had attached a copy of the order purporting to give all the parties who appeared in person or by attorneys in the probate court and among them neither the Union nor its attorney was mentioned. Neither is the American Sunday School Union in position to claim that the appeal was not perfected in time, for it served no notice to set the time running as to appellants and the appeal was duly taken as to it within six months. It is probably true that one pecunarily interested in a will contest may at the hearing appear and passively arraign himself either with the proponents or with the contestants and still there is nothing in the statute which prevents one who has so done from appealing from the order made though it was in favor of the side with which he had arraigned himself. For instance, had the American Sunday School Union after the order, for any reason deemed it of advantage to overthrow the will, we apprehend there could be no valid objection to its appealing from the order at the very time that the contestants served the notice of appeal herein upon its attorney, for no notice of the decision had been given it by the active proponents. Also, a technicality is here sought to be taken advantage of by the parties who are in part guilty of misleading the appellants. In addition to what has already been noticed in that direction, notices for the taking of depositions of witnesses to be used at the hearing on May 20 were given by Mr. Stryker, attorney for one of the legatees, to the attorneys for the contestants and to the attorneys for the proponents, but not to G. Winthrop Lewis.

Owing to the difference in statutes regulating procedure on appeals, decisions from other states are not helpful. We find nothing in our own directly in point. Timm v. Brauch, 133 Minn. 20, 157 N. W. 709, does not hold that a written notice given by one person in a litigation sets the time for appeal running as to all, nor does

Knutsen v. Krook, 111 Minn. 352, 127 N. W. 11, 20 Ann. Cas. 852. Appellants' contention that the executors were the champions of the will representing all interested in its allowance, and hence they were the only "adverse party" to the contestants upon whom notice of appeal needed to be served, cannot be adopted as an invariable rule, although expressions of that character are found in certain cases. In re Penniman, 20 Minn. 220 (245), 18 Am. Rep. 368; In re Brown, 32 Minn. 443, 21 N. W. 474; Rong v. Haller, 106 Minn. 454, 119 N. W. 405; Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980. That the executor named in a will, or the proponent, is not always the sole champion for its probate appears in those cases as well as in Kelly v. Kennedy, 133 Minn. 278, 158 N. W. 395, L. R. A. 1917A, 448, Ann. Cas. 1918D, 164; Bowler v. Fahey, 136 Minn. 408, 162 N. W. 515.

But as said in Rong v. Haller, supra: "The executor may be a mere stakeholder, or he may become the 'sole champion of the will' " If he be the latter, service of notice of appeal upon him alone is sufficient. The court there examined into the circumstances of the litigation to ascertain if he was the sole champion, and concluded he was, saying: "That conclusion accords with the general tendency to disregard technicalities and to treat appeals without disfavor." A reason why appeals from the probate court should not be viewed with disfavor is also given, and another might be added, viz., because of the right of appeal and with it the possibility of a trial to a jury of the questions of mental capacity and undue influence, the practice has grown up to only make prima facie proof of a will in the probate court in important cases, reserving the real trial until the contest gets into the district court upon appeal.

Upon the facts herein we need not determine what position appellants would have been in had there been no service of the notice of appeal upon the American Sunday School Union before the expiration of six months from the filing of the order, nor if its name had appeared as one of the proponents in the order allowing the will, a copy of which was served upon appellants. Our conclusion is that since the notice of appeal was duly served upon the American Sunday Shcool Union within six months from the filing of the decision,

and it had not taken any steps to limit the time of appeal nor had the other proponents recognized it as a party to the contest in whose behalf their notice was given, the appeal was perfected to the district court.

It will conduce to certainty in procedure to hold that where one of several proponents of a will, which has been allowed by the probate court after a contest, desires to limit the time of appeal of the contestants to 30 days, it is incumbent on him to see that notice of the order is served upon all the contestants by or in behalf of all who appeared and are necessary parties to an appeal.

The order is reversed.