# IN RE ESTATE OF PETER H. OSBON.[1]

January 3, 1930.

No. 27,602.

*Canfield & Michael,* for appellant.
*Cashel & Brecht,* for respondent.

HILTON, J.

Appeal from an order setting aside a verdict and granting a new trial.

During the probating of the estate of Peter H. Osbon in the probate court of Nobles county, Sander Osbon filed a claim for $3,929.40 against the estate of his father, Peter H. Osbon. The claim was for services rendered and supplies furnished during 1916 and intervening years up to and including 1927. At the hearing on the claim

[1]Reported in 228 N. W. 551.

appearances were made by the executor (Bedford) and his attorney, Mott; two children heirs, Agnes and Harry Osbon, and their attorney, Poppen; the claimant, Sander, and his attorney, Brecht. On December 31, 1928, the probate court made its order allowing the claim at $1,951.80, and judgment was entered therefor, notice of which was served on the interested parties on January 3, 1929. An appeal to the district court from the order could, under G. S. 1923 (2 Mason, 1927) § 8985, be taken within 30 days of the date of such service. G. S. 1923 (2 Mason, 1927) § 8984, provides:

"An appeal * * * may be taken by the representative or by the creditor, and when the representative declines to appeal in such case any person interested in the estate as creditor, devisee, legatee, or heir may appeal in the name of such representative and by the same proceedings."

It is not necessary that the appeal be taken in the name of such representative. Nor is proof of a declination to appeal a prerequisite to the right of the heirs to appeal. Schultz v. Brown, 47 Minn. 255, 49 N. W. 982.

On January 15 the complaining heirs served a notice of appeal on the attorneys for Sander ("the adverse party"). G. S. 1923 (2 Mason, 1927) § 8985. The bond on appeal was approved by the judge of probate and certified copies of all necessary papers filed in the district court. In that court the claimant moved to dismiss the appeal on the ground that it was not effective because the representative had not declined to appeal, and without such declination the heirs could not appeal. The court denied the motion, pleadings were prepared and the case tried to a jury, which returned a verdict in favor of the heirs. Later the court vacated and set aside the verdict and ordered a new trial "exclusively upon the ground and for the reason that the court erred as a matter of law in denying the motion made to dismiss said appeal." We think the court was in error.

Neither of the heirs nor their attorney, Poppen, ever interviewed the executor or his attorney, Mott, in person relative to an appeal. Poppen, after endeavoring to see Mott, wrote him a letter on Jan-

uary 7 asking whether an appeal would be taken by the executor. On January 8 Mott wrote a letter to Poppen signed by him as "Attorney for Representative," stating that "the representative will not appeal for the reason that the matter of the claim is a contest between the different heirs in said estate, and the rights of your clients can be protected by their proceedings in the matter under Sec. 8984, Mason's Minn. Statutes." About the middle of January the executor told one of the present attorneys for the heirs that "while some of them [the heirs] wanted him to appeal from such allowance, that he felt that he ought to remain neutral and let the heirs fight it out between themselves, and for that reason he had refused to appeal." On February 7 the executor wrote a letter to Mott which in effect ratified and affirmed what his attorney had written to Poppen. This letter stated:

"I have yours of the 6th inst. in re the Osbon Est. I had it figured that I had nothing to do about the appeal of the Osbon heirs. They have a perfect right to appeal, and have my permission to do so, even though they have not asked it. Will it be necessary for me to appear if they do or do not ask me to appear? I want to be neutral in the matter. I may say, confidentially, that my sympathies are with said heirs, but I do not want to get mixed up in their fight."

The executor did not appeal and never intended to. Under the circumstances disclosed by the record, the appeal was properly taken. The facts in this case disclose that the executor had within the purpose of the statute "declined to appeal." It was not necessary that the executor be requested directly and asked in person or by letter to appeal and in response thereto specifically decline orally or in writing so to do. The right of the heirs to appeal should be liberally construed. Crouch v. Wayne Circuit Judges, 52 Mich. 596, 18 N. W. 374.

A different holding would not only be technical and unjust but would leave the door open for a representative, if he felt so inclined, to deprive those with a right of appeal subordinate to his from having an opportunity to exercise such right. He might

absent himself so that a request to appeal could not be made; he might upon request state that he would appeal and then fail to do so.

A service of the notice of appeal on Mott, the attorney for the executor, would have been sufficient if it had been necessary to serve on such executor. In re Brown, 32 Minn. 443, 21 N. W. 474; Rong v. Haller, 106 Minn. 454, 119 N. W. 405. Under the circumstances here the obtaining of the statement from Mott that the executor would not appeal was sufficient to permit an appeal by the heirs. That statement was correct. As to the right of an attorney to bind a client, see 6 C. J. 641; 2 R. C. L. 986, 987.

The order vacating and setting aside the verdict and granting a new trial is reversed.

Reversed.