IN RE ESTATE OF J. BEN NELSON.
FIRST NATIONAL BANK OF ST. PETER v. CONVERSE
RUBBER COMPANY AND OTHERS.[1]

July 12, 1935.

No. 30,348.

[1]Reported in 262 N. W. 145.

M. E. *Culhane* and *Alice E. Culhane,* for appellants.
*Henry N. Benson* and *Thorild Peterson,* for respondent.

HOLT, JUSTICE.

Appeal by Converse Rubber Company, a corporation, and 13 other creditors of the estate of J. Ben Nelson, whose claims have been duly filed and allowed against the estate, from a judgment of the district court reversing an order of the probate court of Nicollet county disallowing a claim of the First National Bank of St. Peter (hereinafter mentioned as the bank) against the estate, and allowing the claim in full. All the objectors to respondent's claim in the probate court appeared by the same attorney, who appeared for them in the district court and on this appeal.

In the district court appellants appeared specially and moved to dismiss the appeal on the ground that the notice of appeal had not been served upon the executrix of the estate. Error is here assigned upon the refusal of the court below to dismiss the appeal. An order of the probate court disallowing a claim against an estate is appealable. 2 Mason Minn. St. 1927, § 8983(4). Section 8984 permits an appeal from an order on a claim "by the representative or by the creditor." When the representative declines to appeal, "any person interested in the estate as creditor, devisee, legatee, or heir may appeal in the name of such representative and by the same proceedings." Section 8985 declares that no appeal shall be effectual for any purpose unless the appellant within 30 days after notice of the order, judgment, or decree appealed from "shall serve a written notice upon the adverse party, his agent or attorney who

appeared in court, and, when there has been no appearance, by delivering a copy of such notice to the probate judge for such party." Notice of appeal from the order of the probate court was served within time upon the attorney who appeared for the objectors and contested respondent's claim in the probate court, and with proof of service was duly filed in said court. Its records and return show such to be the case. The record does not show service of notice of appeal on the executrix, and it does not show that either the executrix or anyone else, other than these appellants, objected to or contested the allowance of respondent's claim in the probate court. It must be conceded that jurisdiction of the district court over an appeal from the probate court is statutory and cannot be conferred by agreement of the parties or affidavits as to facts. The return or record of the probate court must show due service and filing within the statutory time of notice of appeal upon the adverse party. Such return may not be disputed or contradicted. We are not referring to a correction of its record by the probate court so as to speak the truth. But where, as here, the records show due service upon the adverse parties who move to dismiss the appeal, it would not contradict the record to prove that none other than they appeared and contested the disallowed claim in the probate court. The statute does not require the notice to be served upon others than the "adverse party." It is not true that a representative of an estate is an adverse party to everyone who files a claim against the estate in the sense that such representative must contest every claim to a final decision from which no appeal lies. A representative of an estate need not be an adverse party to every litigation that may arise in the administration of an estate. While the representative is required to protect and preserve the estate, it is not his or her duty to oppose the allowance of just and legal claims filed against it, nor to undertake to defeat, on appeal to the district court, a disallowed claim which he or she honestly believes to be a just and valid claim against the estate. When a claim is presented to the probate court for allowance the court passes on the validity of that claim alone. The issue is simply: Is the claim a legal demand against the estate? While heirs, legatees, devisees,

and creditors of an estate have an interest in every claim presented for allowance so that they severally may contest its validity, they may not object to the allowance of a just and valid claim on the ground that their share in the distribution may be reduced or affected by its allowance. The appeal from the disallowance of a claim by the probate court brings to the district court for trial *de novo* only the question whether or not that particular claim is a valid and legal demand against the estate. On that proposition, in the case at bar, the bank, in the probate court trial, was asserting that the claim was just and proper, and these appellants that it was not, and there seems no reason why others interested in the estate who took no part in that trial should be considered adverse parties ·to respondent so as to be served with notice of appeal. The executrix did not appear in the probate court trial to oppose the claim. She did not join appellants in their motion to dismiss the appeal in the district court or here. There are undoubtedly appeals from the probate court where others than those who participated in the con· test must be regarded as parties necessary to be brought within the jurisdiction of the district court by the service of notice of appeal, where, for instance, a final decree must adjudicate the rights of all distributees. But an order allowing or disallowing an individual claim against an estate is not of the finality or the permanent consequence of a decree of distribution.

In Davis v. Swedish-Am. Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, 79 A. S. R. 400, only 3 of the 41 creditors who had filed claims in an insolvency matter opposed or contested the assignee's account. The assignee served notice of his appeal to this court, from the order of the district court disallowing certain items, upon the 3 creditors only who contested the account. This service was held to give this court jurisdiction though no service was made on 38 of the creditors affected. In Schultz v. Brown, 47 Minn. 255, 257, 49 N. W. 982, it was held that where a representative refused to appeal from the allowance of a claim, a person interested in the estate could appeal without stating in the notice of appeal that there had been such a refusal. That he had refused was a fact that could be proved at any time it was called in question. So here, the

objectors to the claim, upon whom the notice of appeal was duly served, had the burden, on their motion to dismiss, of showing that the executrix was an adverse party. The record of the probate court shows no appearance by the executrix and no objection on her part to the bank's claim. We think, therefore, that it can be shown as a fact that the executrix did not appear and did not oppose the allowance of the claim in the probate court; hence was not an adverse party to the bank. In Rong v. Haller, 106 Minn. 454, 119 N. W. 405, 406, it was held error to dismiss an appeal from a decree of the probate court distributing the residue of an estate to a charitable corporation, on the ground that the notice of appeal had not been served on the corporation, but only on the executor. It is there said [106 Minn. 457], "the executor may be a mere stakeholder, or he may become the 'sole champion of the will.'" When the latter, service of appeal must be made upon him. The implication is that if he is a mere stakeholder he is not an adverse party in case of an appeal. The executrix here was a mere stakeholder, as between the bank and the 14 creditors of the estate. The right of appeal, given by statute, should not be encumbered with the service of needless notices upon persons who took no interest in the controversy when it was tried and decided. This reasoning in Estate of McDougald, 143 Cal. 476, 478, 77 P. 443, 444 (cited with approval in Rong v. Haller, 106 Minn. 454, 119 N. W. 405) is persuasive in support of the trial court:

"If a non-appearing creditor is an adverse party, so also would be a non-appearing heir or legatee, and if one must be served with notice of appeal, so must the other. In all solvent estates the heir or legatee is more vitally interested in the balance on hand than is a creditor. If all the parties thus interested in the fund are to be deemed adverse parties within the meaning of that term as used in § 940 of the Code of Civil Procedure, requiring the service of notice of appeal on the adverse party, then in every appeal from a probate proceeding all such interested parties must be served with notice in order to give this court jurisdiction. Creditors and heirs are not required to appear by attorney in the administration of an estate,

and indeed they may never appear at all, either in person or by attorney. They may be out of the jurisdiction, or their names and residences may be unknown."

After arguing on this line and citing prior decisions, the court concludes thus [143 Cal. 482]:

"In the light of these authorities, and for the reasons above given, we are of the opinion that upon the settlement of the account of an executor or administrator, only those persons interested in the estate who appear in the superior court and make some objection or exception to the account, or in some way make themselves parties of record to that proceeding, are necessary parties to an appeal from an order made therein, and that other persons equally interested and equally affected by the order, but who do not see fit to make any contest or objection to the account, or to any matters stated therein, need not be served with notice of appeal. Having failed to make themselves parties to the proceeding, they must, for the preservation of any advantage to themselves accruing from the order appealed from, depend upon the efforts of those who made the contest for their benefit."

The Montana court has adopted and applied the rule just stated. In re McGovern's Estate, 77 Mont. 182, 250 P. 812.

There is nothing in In re Estate of Osbon, 179 Minn. 133, 228 N. W. 551, which requires that the executrix here be held an adverse party. In re Estate of Dean, 180 Minn. 195, 230 N. W. 584, is to the effect that those who in probate court opposed the party who appeals from a disallowance of a claim are all adverse parties and must be served with notice of appeal. There the administrator, who in the probate court opposed the allowance of the claim, was served with notice of appeal; but an heir, who also appeared and opposed the allowance, was not served. The administrator was there considered the "champion of the estate"; but nevertheless every interested party who opposed the allowance of the claim in the probate court was deemed an adverse party to the one who appealed from its disallowance, and the appeal was held properly dismissed on motion of the heir. The logical inference from that

decision is that only those who in the probate court appear and contest a claim are adverse parties of the one presenting it for allowance, so that on appeal from its disallowance service of the notice of appeal need be made upon them alone. Kasson v. Estate of Brocker, 47 Wis. 79, 1 N. W. 418, 421, is hardly in point, for although the opinion contains a statement that the one administrator, upon whom notice of appeal was directed to be served by the court, was an adverse party, the refusal to dismiss the appeal was really placed upon the ground that he and his coadministrators not served had not confined their motion to dismiss to the point that the necessary parties had not been served with the notice of the appeal. The court said [47 Wis. 84]:

"One ground which was made in the motion to dismiss, and urged upon the court, was 'that there was no evidence that the notice of appeal had been given to the adverse party.' This was clearly not a question that went to the jurisdiction of the appellate court. The fact of service gives the court jurisdiction. If there had in fact been a proper service of the notice upon the adverse party, the evidence might have been filed after the motion was made, and the motion would have been defeated thereby, so far as that ground was a reason for granting the same."

And it was held that the appearance and making the motion to dismiss the appeal on the several grounds stated therein was a general appearance and a waiver of any defect in the service of the notice of appeal. Hence the Wisconsin court did not decide whether or not an executrix, who does not appear in probate court and does not oppose the allowance of a claim therein, is an adverse party to the claimant who appeals from its disallowance so that the notice of appeal must be served upon her. Under the record here the notice of appeal was duly served upon every adverse party of respondent who appeared and opposed the allowance of its claim, in the probate court, and the district court ruled correctly when a dismissal of the appeal was denied.

On the merits the district court rightly allowed the claim. It appeared without dispute that deceased and his wife made their

$8,000 promissory note, for value, to respondent bank, and executed a mortgage on real estate in Nicollet county to secure its payment; that default occurred on the note and mortgage, and the bank bid in the premises for $6,659.30 on April 1, 1933; that said bid was the highest bid obtained therefor at a public sale conducted by the sheriff of said county; that the time of redemption had expired; that after applying the proceeds of the bid upon the note or mortgage debt there is an unpaid balance of $2,104, for which sum the court directed judgment against the estate and the executrix thereof, with interest from April 1, 1933. The sole objection to the allowance of the claim was in the court below, and is here, that the estate being insolvent and the bank's claim being secured, the so-called bankruptcy rule should be applied—that is, since the bank did not surrender the security and come in as a general creditor, it was incumbent on the bank to prove the value of the property it obtained by the foreclosure in order to be entitled to have the balance or deficiency allowed as a claim against the estate. It is claimed that the bank failed to prove such value and therefore its claim must be disallowed. The highest bid received at a public sale is evidence of the market value of the property offered for sale. Strimling v. Union Indemnity Co. 176 Minn. 26, 222 N. W. 512. Moreover, the foreclosure of the mortgage exhausted the lien or security, and if the sale did not bring enough to pay the debt the mortgagee is entitled to judgment for the deficiency whether or not the sale to the highest bidder was for less than the value of the property. Stearns v. Carlson, 162 Minn. 469, 203 N. W. 212, and the authorities therein cited.

The judgment is affirmed.

STONE, JUSTICE (dissenting).

I agree in what is said concerning the merits of respondent's claim. I agree also that on the appeal to the district court the record of the probate court could not be amended or buttressed by affidavits or even by stipulation of counsel. I cannot agree that such a showing, *dehors* the record, would be allowed even to identify the "adverse party" in the probate court. If the record needs any amendment on that point, or any other, it should be made, I submit,

by the probate judge. The record is to be settled by him and no one else.

I cannot agree in the meaning attached to the phrase "adverse party" as it appears in 2 Mason Minn. St. 1927, § 8985. What makes an "adverse party" in litigation does not depend upon the presence or absence of an actual contest. The defendant who confesses judgment in favor of the plaintiff is in respect to the plaintiff the adverse party. So also is the plaintiff getting judgment by confession the adverse party in respect to the defendant. The phrase "adverse party" has a meaning fixed by settled law. Long before our statute was enacted, the words had, and still have, in respect to writs of error and appeals, a technical significance which prevents their being construed so as to include only the parties actually opposing, in the court below, the claim of the appellant or plaintiff in error. The words include "every party whose interest in relation to the judgment and decree appealed from is in conflict with the modification or reversal sought by the appeal; * * * every party interested in sustaining the judgment or decree." 1 Wd. & Phr. (1 ser.) 224, citing cases too numerous for further reference here. See also 1 Wd. & Phr. (2 and 3 ser.).

An appeal is a continuation of the original action or proceeding in the appellate court. But "it is analogous in many respects to a writ of error, which is regarded as the beginning of a new action." Hence the appellate court can consider only questions between the appellant and the parties upon whom the notice of appeal has been served. "Therefore the notice of appeal must be served on each adverse party as to whom it is sought to review, in this court, any order or judgment, although he did not appear in the proceeding or action in the district court. * * * It necessarily follows that where the order appealed from is indivisible, and must be affirmed, reversed or modified as to all parties to the action or proceeding, the appeal must be dismissed if they are not all made parties to the appeal." Kells v. Nelson-Tenney Lbr. Co. 74 Minn. 8, 9, 10, 76 N. W. 790, 791. To the same effect are Lambert v. Scandinavian-Am. Bank, 66 Minn. 185, 68 N. W. 834, and Thwing v. McDonald, 139 Minn. 157, 165 N. W. 1065.

This does not mean that the notice of appeal must be served on nonappearing heirs or creditors. They are represented by the executor or administrator. But it does mean, and in my opinion our holding should be, that in every case of an appeal by a creditor from an order on claims, the notice of appeal must be served on the representative. That is simply because the intention of the statute's use of "adverse party" cannot be otherwise accomplished.

LORING, JUSTICE (dissenting).

I agree with the views expressed by Mr. Justice Stone.