## THOMAS E. O'BRIEN AND ANOTHER v. MARY ANN MURPHY.[1]

### April 20, 1917.

### Nos. 20,325—(134).

**Appeal from probate court — by creditor of estate.**

1. The right to appeal under section 7490, subd. 4, G. S. 1913, by creditors, devisees, legatees or heirs is, by section 7491, subordinated to the general right of appeal given the representative of the estate. It is only when the representative declines to appeal that the right extends to the creditors and heirs.

1Reported in 162 N. W. 356.

**Same — appeal from decision upon claim.**

2. The legislative intent, in enacting section 7491, G. S. 1913, was to give the right to appeal from the allowance or disallowance of a claim against the estate of a decedent: First, to the representative or the interested creditor, but in the event that the representative, after request, declines to appeal from the allowance or disallowance of a claim, then and in that event, to extend the right to the creditors, heirs, etc., in general.

**Same.**

3. The fact that appellants appeared in the probate court and opposed the allowance of the claim, does not entitle them to appeal, the representative not having declined to appeal.

In the matter of the estate of John E. Byrnes, deceased, Anna Byrnes, his widow, Thomas E. O'Brien, administrator of his estate in the state of Vermont, and Frank Adams, claiming to be a creditor of the estate, in the probate court of Meeker county filed objections to a claim of Mary Ann Murphy. The claim was allowed, and from the allowance appeals to the district court of that county were taken by Anna Byrnes and Thomas E. O'Brien. Both appeals were dismissed in the district court, Daly, J., for the reasons stated in the first paragraph of the opinion. From the judgment entered pursuant to the order for judgment, Frank Adams, Anna Byrnes and Thomas E. O'Brien appealed. Affirmed.

*Alva R. Hunt, Almon I. Bolles* and *J. K. Sexton,* for appellant.
*R. H. Dart,* for respondent.

QUINN, J.

On December 25, 1914, John E. Brynes died intestate in the state of Vermont. At the time of his death he owned certain real estate and personal property in that state and an undivided one-half interest in a farm of 160 acres in Meeker county, Minnesota, his sister Mary Ann Murphy, the respondent herein, owning the other undivided one-half interest. On December 30, 1914, Thomas E. O'Brien was appointed by the probate court of Windham county, Vermont, as administrator. In August, 1915, Timothy J. Murphy, upon the petition of respondent, was appointed by the probate court of Meeker county as administrator of the estate in Minnesota, and has ever since that time acted as the sole

representative thereof. Thereafter Frank Adams filed a claim with the probate court of Meeker county against said estate in the sum of $19,534. Objections thereto were filed, a hearing had and the claim disallowed. The respondent, who is the wife of the administrator Timothy J. Murphy, also filed a claim against the estate in the sum of $4,130.57. Anna Byrnes, the widow of deceased, Thomas E. O'Brien and the said Frank Adams filed objections to the claim of Mrs. Murphy, and thereafter contested the allowance of the same in the probate court of Meeker county. The claim was allowed, and from this allowance two appeals were taken to the district court of Meeker county, one by Anna Byrnes and Mr. O'Brien, the administrator in Vermont, and the other by Frank Adams as a creditor. In the district court the respondent moved that both appeals be dismissed upon the grounds that no certified copy of letters of administration, issued to the appellant O'Brien by the probate court of Windham county, Vermont, had ever been filed in the probate court of Meeker county; that Timothy J. Murphy is the sole administrator and representative of the estate in Minnesota; that no notice or request had ever been made or served upon the representative in Minnesota requesting him to contest the claim of the respondent or to take an appeal from the allowance thereof, and that said representative had never, in any manner, refused or declined to contest said claim or to take an appeal from the allowance thereof by the probate court of Meeker county. A hearing was had in the district court upon the motion to dismiss the appeal. Testimony was offered against as well as in support of the motion. The district court made findings: That Murphy was the sole representative of the estate in Minnesota; that no notice or demand of any kind had ever been made upon him requesting an appeal from the allowance of the claim of Mrs. Murphy; that said representative had never refused, or in any manner, declined to take or prosecute an appeal from the allowance of such claim, and filed orders dismissing each of the appeals. Judgment was entered upon the order dismissing the appeal of appellants herein, from which judgment this appeal is brought.

Section 7490, G. S. 1913, enumerates the cases in which an appeal to the district court from judgment, order or decree of the probate court on the estates of deceased persons may be taken. Subdivision 4 of that section reads:

"4. An order allowing or disallowing the claim of a creditor against the estate, or disallowing a counterclaim, in whole or in part, to the amount in either case of twenty dollars or more.

And section 7491 of the statute provides that:

"An appeal under section 7490, subd. 4, may be taken by the representative or by the creditor, and when the representative declines to appeal in such case any person interested in the estate as creditor, devisee, legatee, or heir may appeal in the name of such representative and by the same proceedings: Provided, that the person appealing in such case shall give a bond, conditioned to secure the estate from damages and costs, and also to secure the intervening damages and costs to the adverse party. In all other cases the appeal can be taken only by a party aggrieved, who appeared and moved for or opposed the order or judgment appealed from, or who, being entitled to be heard thereon, did not appear and take part in the proceedings."

It is to be observed that the right to appeal under section 7490, subd. 4, by creditors and heirs is, by section 7491, subordinated to the general right to appeal which is given to the representative of the estate. It is only when the representative declines to appeal, that the right attaches and extends to the creditors and heirs. The executor or administrator, as the representative of the estate, is necessarily charged with the duty of looking after the interests of creditors, heirs and legatees, and it would be his duty to take any appeal demanded by their interests; but, if he declines in this regard, this statute furnishes a remedy by extending to them the right to appeal and prosecute the same in the appellate court. Gilbert's Estate v. Howe, 47 Vt. 402.

The intention of the legislature in enacting section 7491 was to give the right to appeal from the allowance or disallowance of a claim against the estate of a decedent: First, to the representative or the interested creditor only, but, in the event that the representative declines to appeal, then and in that event only, to extend the right to the creditors, heirs or legatees in general. In the case of Schultz v. Brown, 47 Minn. 255, 49 N. W. 982, while the exact question here involved was not under consideration, yet the court seems to have had in view this construction of the statute. The question there was as to the necessity and manner of making proof of the refusal on the part of the representative as a

prerequisite to the right of appeal of a creditor or heir, and the necessity of a request and refusal was recognized. It is there stated: "It is the *existence* of the *fact* that gives the right, and the proof of it may be made at any time when the fact is questioned or controverted."

It is contended on behalf of appellants that they, having been permitted to appear in probate court without objection and to contest the claim in question, all objections have been waived, and that for these reasons they were entitled to appeal and contest the claim in the district court. We are unable to concur in this contention made on behalf of the appellants. The statute fixes the right of appeal, and, no request having been made of the representative and he not having declined to take the appeal and prosecute the same in the appellate court, the appellants are without the right to appeal.

Affirmed.