IN RE ESTATE OF FRANK G. DEAN.
MARY E. PATTERSON, APPELLANT.[1]

April 17, 1930.

No. 27,850.

*John F. Flynn,* for appellant.
*E. J. Jones,* for respondent Alison Jack Dean.

HILTON, J.

Claimant appeals from an order of the district court dismissing for want of jurisdiction her appeal from an order of the probate court disallowing her claim against the above named estate. .

Frank G. Dean died on November 13, 1927, leaving an estate aggregating about $26,000. He left as his sole heirs his surviving spouse, Grace M. Dean, and an adopted daughter, Alison Jack Dean (hereinafter referred to as the heir). An administrator was duly appointed. Within the time allowed for filing claims Mary E.

[1]Reported in 230 N. W. 584.

Patterson of Louisiana (hereinafter referred to as claimant) filed a claim against the estate for $6,090.05, the same being for money loaned and services rendered. The money was claimed to be represented by lost notes. The administrator filed objections in writing to the allowance of the claim. The heir also served written objections upon the attorney for claimant and filed them in probate court. These objections, in addition to others, set up the statute of limitations as a bar.

Later, at the request of claimant, the probate court issued a citation to the administrator and the heir requiring them to appear on January 16, 1929, and show cause why the claim should not be allowed. This citation was personally served on the attorney for the heir by an attorney associated with the attorney for claimant. A hearing was had thereon, at which the administrator appeared in person and by his attorney, and the heir appeared by her attorney. The attorney for claimant also appeared. All three of the attorneys lived in Worthington, the county seat where the probate court was held. After claimant's proof had been presented, the attorney for the heir moved the court to disallow the claim on the grounds then stated. The acting probate judge held that the claim had not been proved and immediately made an order disallowing it in full. On February 8, 1929, claimant attempted to appeal from the order disallowing the claim by serving said notice of appeal and bond on the attorney for the administrator only; no service was made upon the heir or her attorney. The appeal was allowed and return made to the district court. The case was regularly placed on the calendar for the term beginning October 8, 1929.

On the first day of said term the attorney for the heir appeared specially and moved for a dismissal of the appeal for lack of jurisdiction. The ground of such appearance and motion was that no notice of appeal had been served upon the heir or her attorney. A complete presentation of the situation was made. There is no dispute as to the facts. The only question here involved is the necessity under the facts stated for the service upon the heir or her attorney of the notice of appeal. G. S. 1923 (2 Mason, 1927) § 8983, provides:

"An appeal to the district court from a judgment, order or decree of the probate court may be taken by any party aggrieved in the following cases: * * *

"4. An order allowing or disallowing the claim of a creditor against the estate, or disallowing a counterclaim, in whole or in part, to the amount in either case of twenty dollars or more."

G. S. 1923 (2 Mason, 1927) § 8985, provides:

"No appeal shall be effectual for any purpose unless the following requisites are complied with by the appellant within thirty days after notice of the order, judgment, or decree appealed from:

"1. The appellant shall serve a written notice upon the adverse party, his agent or attorney who appeared in court, * * *. Such notice shall specify the order, judgment, or decree, or such part thereof as is appealed from, be signed by the appellant or his attorney, and be served in the same manner as notices in civil actions, and, together with proof of service thereof, be filed in the probate court.

"2. * * * But no appeal from an order, judgment, or decree shall be taken after six months from the entry thereof."

The heir was an adverse party; she was cited into court by claimant and at every opportunity strenuously contested the allowance of the claim. She was interested in the estate and had rights to be protected and was authorized to contest the claim. There was here a real necessity therefor. State v. Probate Court, 25 Minn. 22; 3 Dunnell, Minn. Dig. (2 ed.) § 3600. At the time of the dismissal here involved, more than six months had elapsed since the time of the disallowance of the claim. The administrator was not the sole champion of the estate. In re Estate of Jefferson, 167 Minn. 447, 209 N. W. 267; Rong v. Haller, 106 Minn. 454, 119 N. W. 405. The terms of the statute above referred to were not complied with. The district court dismissed the appeal.

G. S. 1923 (2 Mason, 1927) § 8984, cited by claimant, reads as follows:

"An appeal under § 8983, subd. 4, may be taken by the representative or by the creditor, and when the representative declines to appeal in such case any person interested in the estate as creditor, devisee, legatee, or heir may appeal in the name of such representative and by the same proceedings."

This section has no application in this case. It contemplates an appeal by the administrator when a claim is allowed, and in case he refuses to appeal it permits an appeal by an interested party aggrieved by the action of the probate court. Here neither the administrator nor the heir was an aggrieved party in probate court, but they were both adverse parties, and a notice of appeal must be served on each of them as such in order to make the appeal effective under § 8985, supra.

O'Brien v. Murphy, 136 Minn. 327, 162 N. W. 356, cited by claimant, is not in point; it only had to do with the right of appeal under G. S. 1923 (2 Mason, 1927) § 8984. Cases cited from other jurisdictions are not helpful. It is true that cases appealed from probate court are tried de novo in district court and that the general tendency is to disregard technicalities and to treat appeals without disfavor; but in this case it is not a mere technicality that is urged. The failure to serve the notice of appeal on the heir or her attorney was a failure to comply with a necessary prerequisite to conferring jurisdiction on the district court.

Order affirmed.