IN RE ESTATE OF EDWARD A. MEYER.
STATE, DEPARTMENT OF PUBLIC WELFARE, v.
BETTY ZUTZ, ADMINISTRATRIX OF ESTATE OF
EDWARD A. MEYER.

186 N. W. (2d) 535.

April 9, 1971—No. 42440.

*Warren Spannaus*, Attorney General, and *Jerome D. Truhn* and *Craig R. Anderson*, Assistant Attorneys General, for appellant.

*Myhre & Huddleson*, *Charles R. Huddleson*, and *Larry G. Jorgenson*, for respondent.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

DONALD C. ODDEN, JUSTICE.*

This is an appeal from an order of the District Court of Marshall County dismissing the state's appeal from an order of the probate court denying a petition that that court receive, hear, and allow, after time limited, a claim against the estate of Edward A. Meyer, deceased.

Edward A. Meyer died in August 1968 while a patient at the Fergus Falls State Hospital. A petition for the administration of his estate was filed in the probate court of Marshall County, and that court issued an order pursuant to Minn. St. 525.41 setting January 3, 1969, as the deadline for filing claims against said estate.

On March 25, 1969, well after the January 3 deadline, the Department of Public Welfare petitioned the probate court to receive, hear, and allow, after time limited, its claim for hospital care and treatment given decedent during his lifetime at the Fergus Falls State Hospital. The state's claim is authorized under Minn. St. 246.53, and the petition to receive, hear, and allow a claim after time limited is permitted under § 525.411, subd. 1.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

The probate court issued an order setting April 9, 1969, as the time of hearing on the petition. Copies were mailed to the petitioner and to the attorney for the administratrix of the estate. At the request of the administratrix, the time for hearing the claim was rescheduled to April 30. Copies of this order were mailed to the same parties.

On April 30, 1969, at the scheduled time, Betty Zutz, the administratrix; her attorney; and Paul C. Meyer, one of the heirs, appeared to object to the claim and the allowance of the state's petition. There was no appearance by, or on behalf of, the State of Minnesota in support of the petition and claim. The probate court, without supporting evidence from the state, considered the claim and determined that the state had notice of the death of Edward A. Meyer; that the reasons for failure to file its claim on time, set forth in the state's petition, did not constitute sufficient cause to excuse that failure; and that the petition must therefore be denied.

The state then petitioned the court to reopen the matter, claiming it had never received notice of the rescheduled April 30 hearing. After a final hearing on July 9, 1969, the probate judge determined that the evidence on the part of the state failed to establish sufficient cause for its failure to file its claim within the time allowed and ordered that such claim be forever barred pursuant to § 525.411.

On July 24, 1969, the state appealed from that order to the district court, serving notice of appeal only upon Betty Zutz, administratrix of the estate, and her husband. On October 15, 1969, Betty Zutz personally, as administratrix of Meyer's estate, and in behalf of his other heirs moved the district court to dismiss the appeal on the grounds that the district court lacked jurisdiction in that the state had failed to make proper service of notice of said appeal as provided for under § 525.712. In re Estate of Dean, 180 Minn. 195, 230 N. W. 584.

The district court heard the matter and on January 7, 1970, issued its order dismissing the state's appeal.

The sole question to be resolved here is whether Minn. St. 525.712 requires that an appellant in an appeal from probate to district court serve notice of appeal on all heirs of the estate, regardless of whether they took an active part in the probate court proceedings.

Minn. St. 525.712 provides in part:

"* * * To render the appeal effective (1), the appellant shall serve a notice of appeal, specifying the order, judgment, or decree appealed from upon the adverse party who appeared or upon his attorney, personally, and upon each adverse party of record who did not appear by mail at his last address as the same appears in the court's file of the case and upon the probate judge or clerk, personally, for the adverse party who did not appear and whose address is unknown and shall file in the probate court such notice, together with proof of service thereof."

Although the record is unclear as to whether Edward Meyer died testate or intestate, both parties agree that Betty Zutz, Paul Meyer, Ellie Lucian, and Margaret Meyer are the sole heirs to the estate and that their names are listed as such in the probate court file. Although the record is also unclear as to who appeared at the July 9, 1969, hearing in probate court, both parties agree that Betty Zutz, as administratrix and individually, and Paul Meyer did appear to contest the state's claim at the April 30, 1969, hearing. Betty Zutz and her husband were served personally with notice of appeal, but the remaining three heirs were neither served personally nor by substituted service. Thus, if the heirs not served are "adverse parties" within the meaning of the statute, failure to serve them would deny the district court jurisdiction. In re Estate of Dean, *supra*.

Appellant contends that the three remaining heirs are not adverse parties within the meaning of § 525.712 and therefore need not be served because they did not appear in the probate proceedings. It cites, in support of its contention, In re Will of Brown,

32 Minn. 443, 21 N. W. 474; Rong v. Haller, 106 Minn. 454, 119 N. W. 405; In re Estate of Nelson, 195 Minn. 144, 262 N. W. 145.

When these cases were decided, the pertinent appeal statutes did not require notice of appeal to be served upon adverse parties who did not appear in the lower court to contest. The legislature, however, by amending § 525.712 in 1953 added an additional requirement with which an appellant must comply to perfect an appeal from probate court. L. 1953, c. 476. Unlike the procedure under the earlier statutes, the appellant must now serve notice of appeal "upon each adverse party of record who does not appear by mail at his last address as the same appears in the court's file of the case" if that address is known. Appellant contends that the 1953 statutory change in no way modified the meaning of "adverse party" as construed in the cases cited above. However, we feel that to give full effect to what was the obvious intent of the legislative change we must now find that "adverse party" within the context of this statute means "the party whose interest in relation to the subject of the appeal is in direct conflict with a reversal or modification of the order or judgment appealed from." 1B Dunnell, Dig. (3 ed.) § 320. Stated another way, the "[t]est usually applied in determining whether one is an 'adverse party' who must be given notice of appeal is whether he will be prejudiced or adversely affected by reversal or modification of judgment appealed from." 2A Wd. & Phr. (Perm. ed.) Cumulative Annual Pocket Part, p. 17. Such an interpretation of "adverse party" under § 525.712 seems to be consistent with comparable appeal statutes and consistent with the intent of the legislature to protect the rights of parties adverse to those of the claimant by simply requiring service of the notice of appeal in probate matters. No undue hardship is imposed on claimants by this requirement nor does it unduly restrict appeals.

The state's claim against the estate was substantial and, if allowed, would have reduced the distributive share to each of the four heirs by one fourth of that sum. This establishes that the heirs would be prejudiced or adversely affected by a reversal or

modification of the probate court's order. The fact that they joined with the administratrix in her motion to dismiss appellant's appeal to the district court confirms that their interests are in direct conflict with a reversal or modification of the order. We therefore conclude that, applying the above definition of "adverse party" to the fact situation here presented, Paul Meyer, Ellie Lucian, and Margaret Meyer are adverse parties within the meaning of Minn. St. 525.712. They are heirs of the decedent and were so listed, with their addresses, in the petition for administration in the probate court. It would apparently have been a simple matter for appellant to serve them by mail with notice of appeal to perfect its cause. Since notice of appeal is jurisdictional, the failure to serve the same denied the district court jurisdiction. In re Estate of Dean, *supra*; 1B Dunnell, Dig. (3 ed.) § 318b.

Affirmed.