IN RE ESTATE OF MARY A. KUCERA.
STATE, DEPARTMENT OF PUBLIC WELFARE, v. WILLARD J. URBAN, REPRESENTATIVE OF ESTATE OF MARY A. KUCERA.

186 N. W. (2d) 538.

April 9, 1971—No. 42316.

*Warren Spannaus,* Attorney General, *Jerome D. Truhn,* Solicitor General, and *Craig R. Anderson,* Assistant Attorney General, for appellant.

*Arnold W. Beneke,* for respondent.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

PER CURIAM.

The State Department of Public Welfare appeals from an order of the District Court of McLeod County denying a motion for amended findings of fact and conclusions of law or, in the alternative, for a new trial.

Mary A. Kucera had been, in her lifetime, a patient at St. Peter State Hospital but had been provisionally discharged on April 19, 1966. She died intestate on August 23, 1967, leaving a surviving brother, the sole heir at law. On August 30, 1967, a petition for general administration of her estate was filed in probate court for McLeod County, and respondent was appointed general administrator. Pursuant to Minn. St. 525.41, the probate court set December 30, 1967, as the last day for filing claims against the estate. No claims were filed.

Under Minn. St. 246.53, the state was entitled to file a claim against decedent's estate for the total cost of care given her at the state hospital, less the amount actually paid toward the cost of such care by her or her relatives. However, it was not until April 3, 1968, that the supervisor of appellant's reimbursement unit learned of Miss Kucera's death. On May 3 he learned of the probate proceedings. A petition was promptly filed on May 9 to receive, hear, and allow claim after time limited. The petition was heard by the probate court on September 23, 1968, at which time the administrator of the estate, his attorney, and John J. Kucera, the sole heir at law, appeared to oppose the petition and claim. The supervisor of the reimbursement unit, as petitioner, did not appear personally but was represented by a special assistant attorney general.

At the hearing, the court requested proof of the supervisor's authority to file such a petition or claim, and the matter was continued to October 14 to permit petitioner to show such authority. On October 14, the administrator, his attorney, and Mr. Kucera again appeared in opposition to the petition. The petitioner again appeared through counsel but made no personal appearance. The probate court found that the state had failed to furnish proper evidence establishing the supervisor's authority and entered an order denying the petition to extend time to file the claim.

The state appealed from the order to the district court, serving notice of appeal only upon the attorney for the administrator of the estate. No notice of appeal was ever served upon the sole heir at law personally, by mail, or otherwise.

The matter came on for trial de novo before the district court on June 5, 1969. At the commencement of the trial, respondent moved to dismiss the appeal upon the grounds that there had been no compliance with the requisites of Minn. St. 525.712, the statute which governs who must be served with notice of appeal on an appeal from probate court to district court. The state objected, and the district court reserved the matter of dismissal and permitted the presentation of evidence.

On August 11, 1969, the district court entered its findings of fact, conclusions of law, and order for judgment, granting respondent's motion to dismiss the appeal on the ground that the state had failed to comply with the prerequisite for conferring jurisdiction on the district court of service of the notice of appeal on John Kucera, sole heir at law, and on the further ground that the state had failed to show sufficient cause for the court to grant the petition to receive, hear, and allow claim after time limited.

In its appeal, the state raises three issues:

(1) Whether Minn. St. 525.712 requires that, on an appeal to district court from probate court, the appellant must serve the notice of appeal on a sole heir at law who appeared in opposition in the probate court; (2) whether the supervisor of the reimbursement unit of the Department of Public Welfare had authority to file a claim in the estate of Mary A. Kucera; and (3) whether the findings and conclusions of the district court that the state has failed to show sufficient cause for the court to grant its petition to receive, hear, and allow its claim after time limited were clearly erroneous.

With respect to the jurisdiction of the district court, the facts before us are indistinguishable from those presented in In re Estate of Meyer, 290 Minn. 83, 186 N. W. (2d) 535, and for the reasons presented in that case, the trial court must be affirmed. The district court had no jurisdiction absent service of notice of appeal on John J. Kucera, who, as sole heir at law in this case, was clearly "adverse" within the meaning of § 525.712(1).

While the jurisdictional issue is determinative, we feel compelled to comment by way of dictum on the issue of what constitutes sufficient cause for the probate court to grant a petition to allow a claim after time limited within the meaning of § 525.411, subd. 1. Unlike the case of In re Estate of Meyer, *supra,* where decedent died while still a patient in a state hospital, in this case the record indicates that Mary Kucera passed away 16 months after leaving the state hospital. Although not argued to the probate court, appellant indicated on oral argument to this court that, because of lack of sufficient personnel, it is difficult for the state to ascertain that an ex-patient has died, let

alone that his estate is in probate, within the statutory 4-month period for the filing of claims. We are inclined to agree that, under such circumstances, there may have been sufficient cause for the probate court to permit the filing of the claim after time limited. We do not feel that acceptance of the state's contention, as cause shown, would tend to emasculate the function of the statutory 4-month limitation period for the filing of claims against a decedent's estate. The 4-month limitation is directed against dilatory practices which might delay the final closing and settlement of an estate in probate. Where no delay in settlement or closing the estate is apparent, discretion to allow claims after time limited should be exercised liberally in favor of allowance of clams which are prima facie valid. In saying this, we in no way intimate that probate courts are to sanction unexplained and inexcusable lack of diligence on the part of claimants, whether they be the state or anyone else. In this regard we note that it is possible that some type of administrative reorganization or reordering in the Department of Public Welfare might serve to preclude successive appeals within the judicial system in the future. The loss to the state of such sums as are at issue in this and the Meyer case has possibly only spotlighted what may be a widespread problem.

Affirmed.