# IN RE ESTATE OF PETER N. ADAMS.
# NICK ADAMS AND OTHERS v. FOTINI ADAMS.

209 N. W. 2d 387.

June 22, 1973—No. 43807.

*Erickson & Casey* and *Carl E. Erickson,* for appellant.
*Ryan, Ryan & Ebert* and *Donald I. Ryan,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Peterson, and MacLaughlin, JJ.

PER CURIAM.

This is an appeal by Fotini Adams, surviving spouse of testator, Peter Adams, from an order of the district court which dismissed her appeal from the probate court because of her failure to give certain foreign legatees the notice required by Minn. St. 525.712. The district court held this failure deprived it of jurisdiction to hear the appeal.

Testator, Peter Adams, a resident of Brainerd, Minnesota, died on May 11, 1971. By his will, dated November 13, 1970, he gave his wife, Fotini Adams, certain personal property and established a trust fund for her benefit consisting of a portion of his estate, the principal and any undistributed income going upon her death to certain relatives in Crow Wing County, Minnesota, who were also named as residuary legatees. In addition, his

will made a number of specific bequests, including bequests to a church and 22 relatives whose only known addresses were "Agrilovounon, Messinias, Greece," "Diavolitsion, Messinias, Greece," or "Agrilovounon, Diavolitsion, Messinias, Greece."

On May 17, 1971, Nick Adams, who was testator's nephew and one of the legatees, petitioned the probate court for the admission to probate of the will of testator and for appointment as executors of the persons nominated in the will, namely, himself, testator's grandnephew, Steve Adams, and testator's attorney, Donald Ryan. As required by Minn. St. 1971, § 525.83, petitioner mailed notice of the hearing on the petition to all the known heirs and legatees, including the foreign legatees, and also to the ambassador for Greece in Washington, D. C.

Testator's wife, Fotini Adams, filed objections to the will and to the appointment of the proposed executors, but the probate court overruled her objection and granted the petition.

Thereafter, Fotini Adams sought to appeal the probate court's order to the district court. To this end she served notice of appeal on the attorney for the executors, mailed notice to each of the domestic legatees, and mailed all the notices for the foreign legatees to the Greek ambassador in Washington, D. C. The ambassador sent all these notices to the Greek consulate general in Chicago, who then mailed them to the office of the Ministry of Foreign Affairs in Athens for forwarding to the legatees in accordance with the ministry's procedural regulations. There is nothing in the record to suggest whether the Greek legatees actually received the notices or, if so, that they were received within the time prescribed by the statute.

In the district court the executors moved for dismissal of the appeal on the ground that Fotini Adams failed to give the Greek legatees the notice required by Minn. St. 525.712, thereby depriving the district court of jurisdiction. The district court granted the motion, and this appeal followed.

Minn. St. 525.712 states the requisites for appeals from the probate court to the district court:

"Such appeal may be taken by any person aggrieved within 30 days after service of notice of the filing of the order, judgment, or decree appealed from, or if no such notice be served, within six months after the filing of such order, judgment, or decree. To render the appeal effective (1), the appellant shall serve a notice of appeal, specifying the order, judgment, or decree appealed from upon the adverse party who appeared or upon his attorney, personally, and upon each adverse party of record who did not appear by mail at his last address as the same appears in the court's file of the case and upon the probate judge or clerk, personally, for the adverse party who did not appear and whose address is unknown and shall file in the probate court such notice, together with proof of service thereof; * * *.

"When a party in good faith gives due notice of appeal and omits through mistake to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just."

In the recent case of In re Estate of Meyer, 290 Minn. 83, 186 N. W. 2d 535 (1971), this court both reaffirmed the rule that compliance with Minn. St. 525.712 for service of notice of appeal is a jurisdictional requirement and defined the term "adverse party" as used in the statute. This court defined "adverse party" as (290 Minn. 87, 186 N. W. 2d 537)—

"* * * 'the party whose interest in relation to the subject of the appeal is in direct conflict with a reversal or modification of the order or judgment appealed from.' * * * Stated another way, the '[t]est usually applied in determining whether one is an "adverse party" who must be given notice of appeal is whether he will be prejudiced or adversely affected by reversal or modification of judgment appealed from.' "

In this case there are two separate issues with respect to the application of this test: Whether the interests of the Greek legatees were adverse to Fotini Adams' challenge to the appointment of executors and whether they were adverse to her challenge of the validity of the will.

We conclude, first, that the interests of the Greek legatees were not adverse to the challenge to the appointment of executors, and that on this issue these legatees were not adverse parties. It is difficult to understand in what way the interests of these legatees are in "direct conflict" with the appointment of different executors or how the legatees will "be prejudiced or adversely affected by reversal or modification" of the probate court's order pertaining to the appointment of executors. Accordingly, we hold that with respect to the challenge to that part of the probate court's order, Minn. St. 525.712, requiring service of notice of appeal on adverse parties, has no application to the Greek legatees.

However, we cannot escape the conclusion that these legatees were adverse parties with respect to the challenge to the validity of the will because, if the district court were to declare the will to be invalid, they would not receive the bequests to which they were entitled under the will.

Since these legatees were adverse parties to the challenge to the will's validity, Fotini Adams should have complied with Minn. St. 525.712, the applicable statute,[1] and mailed to these legatees notice of her appeal challenging the will's validity. This she did not do.

Rather, she mailed the notice to the Greek ambassador for forwarding. There is nothing in the record to suggest that the Greek ambassador had any specific authority to act as these legatees' agent for purpose of receiving service of process or other papers. As we held in In re Estate of Herrmann, 159 Minn. 274, 198 N. W. 1001 (1924), an ambassador or consul does not simply by virtue of his office have power to act in such a capacity and absent specific authority by statute, treaty, or the individuals concerned, he may not act as their personal agent.

---

[1] Her contention that Minn. St. 1971, § 525.83, which pertains to notices of hearings, is the applicable statute has no merit. In any event, that statute requires greater notice to foreign legatees than Minn. St. 525.712; i. e., service by mail on the legatees *and* service on the consul or other representative of the foreign country.

Affirmed as to dismissal of the appeal from the challenge to the will's validity, reversed as to dismissal of the appeal from the appointment of executors.